## CITY AND COUNTY OF SAN FRANCISCO v. McLAUGHLIN, Collector of Internal Revenue, et al.

(Circuit Court of Appeals, Ninth Circuit. December 14, 1925.)

No. 4642.

1. Appeal and error ⬦792—Duty of court to notice, of its own motion, that order is not appealable.

It is duty of Circuit Court of Appeals to notice, of its own motion, that order appealed from is not appealable.

2. Courts ⬦405(12)—Circuit Court of Appeals is without jurisdiction to hear appeal from order which is not final.

Under Judicial Code, § 128 (Comp. St. § 1020), Circuit Court of Appeals is without jurisdiction to hear appeal from order which is not final.

3. Appeal and error ⬦78(4)—Order granting motion to dismiss bill in equity held not final appealable order.

Order granting motion to dismiss bill in equity under equity rule 29, unless followed by final decree, is not final order, and is not appealable.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Suit by the City and County of San Francisco against John P. McLaughlin, as United States Collector of Internal Revenue for the First District of California, and another. From an order granting a motion to dismiss the bill plaintiff appeals. Appeal dismissed.

George Lull, City Atty., of San Francisco, Cal. (E. J. Mitchell, Asst. City Atty., of counsel), for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellees.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

RUDKIN, Circuit Judge. [1, 2] This is an appeal from an order granting a motion to dismiss a bill in equity. The appellee has directed our attention to the nature of the order, but no motion to dismiss the appeal has been interposed, nor has any question been raised as to the jurisdiction of this court. If the order is not appealable, however, it is the duty of the court to raise the objection of its own motion. Section 128 of the Judicial Code (Comp. St. § 1120) provides that the Circuit Courts of Appeals shall exercise appellate jurisdiction to review, by appeal or writ of error, final decisions in the District Courts in all cases other than those in which appeals and writs of errors may be taken direct to the Supreme Court. Unless the decision of the court below is a final one, therefore, this court is without jurisdiction to review it, and it would seem manifest from a bare inspection of the record that it is not.

[3] Equity rule 29 abolishes demurrers and pleas, and provides that every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss, or in the answer. The mere granting of a motion to dismiss under this rule, unless followed by a final decree, amounts to nothing more than a determination on the part of the court that the bill is open to one or more of the objections urged against it, and the order on the motion is not final, any more than is an order sustaining a demurrer to a complaint in an action at law. In either

case the suit or action is still pending, and must be determined by final decree or judgment before this court can acquire jurisdiction by appeal or writ of error. Schendel v. McGee (C. C. A.) 300 F. 273, 277; Pierce v. National Bank of Commerce (C. C. A.) 282 F. 100; G. Amsinck & Co. v. Springfield Grocer Co. (C. C. A.) 7 F.(2d) 855.

Counsel for the appellant seems to have labored under the impression that a final decree had in fact been entered, because the assignments of error, the petition for appeal, and the præcipe refer to a decree of June 5, 1925. There is no such decree in the printed transcript, however, nor has any such been lodged with the clerk of the court below.

The appeal must therefore be dismissed for want of jurisdiction; and it is so ordered.