**SHANNON et al. v. RETAIL CLERKS, INTERNATIONAL PROTECTIVE ASS'N et al.**

**No. 7840.**

Circuit Court of Appeals, Seventh Circuit.

May 12, 1942.

Howard D. Geter and Otto L. Kolar, both of Chicago, Ill., for appellants.

Abraham W. Brussell and Daniel D. Carmell, both of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

This controversy involves a dispute between a national and a local labor union. Plaintiffs, acting for the local union, brought suit, wherein the relief sought was a temporary injunction against the threatened action of the defendant, the national union. This action included (a) removing the charter, books, documents, and other papers and funds, belonging to plaintiffs, and (b) interference with the conduct of the local's business, etc.

Defendants answered this complaint, and by counterclaim, sought affirmative relief, to-wit, the possession of the books and funds of the plaintiff.

The determination was on the verified pleadings only.

The court made two so-called restraining orders. One was dated October 21, 1941, and the other bore date of October 24th. The appeal was taken from an order allegedly dated October 20th. As there is no order of that date in the record, and as there were two orders, one, October 24th, modifying, in part at least, the order of October 21st, we are at a loss to know what order is assailed.

The litigation cloaks a bitter contest over the control of the local union, whose membership is composed of store clerks. Defendants assert the local is dominated by "a notorious criminal." The local, on the other hand, charges the national union with trying to swing an election by votes of persons who had not theretofore been members of the association and whose names and fees had been presented, for the first time, a few hours before the election. The complaint also describes in detail the arbitrary action and arrogant threats of defendants against the local's secretary-treasurer, to force her to recognize the new voters and to terrorize her into turning over the local's possessions consisting of books, cash, records, etc.

The counterclaim is equally unrestrained in its charges, and in pungent terms berates the conduct of the local in failing to acknowledge the alleged new members. It charges the local's relations with, and domination by, an alleged "notorious criminal."

It is difficult, if not impossible, to reconcile the pleadings, though both were verified.

The District Court, at first, granted the order prayed for by defendants. It enjoined plaintiffs from removing books, papers, etc., and directed plaintiffs to deliver said documents to the national union's agent. The court, shortly thereafter, changed this order and directed that the documents be placed in the hands of Mr. Keenan, an appointee of the court. No proof to the contrary appearing, we assume that the appointee, Mr. Keenan, is an impartial third party; that he was to act for the court, as a custodian, and to receive funds and pay necessary operating expenses of the local.

A study of the pleadings convinces us that the District Court acted wisely when it entered its second order. It placed the papers and documents and funds in the

hands of a custodian. It could hardly have done otherwise, unless it were to accept the fact allegations of one party—disputed by charges of the other. (If it accepted the fact allegations of both pleadings, it surely would want an outside custodian to represent it.) Until a hearing on the merits could be had, it was impossible to say, with reasonable assurance of accuracy, what the facts were. The purpose of the temporary injunction or restraining order was to maintain the status quo. On appeal such an order will not be disturbed unless there is an abuse of discretion. State of Alabama v. United States, 279 U.S. 229, 49 S. Ct. 266, 73 L.Ed. 675; Independent Cheese Co. v. Kraft Phenix Corp., 7 Cir., 56 F.2d 575.

However, the court failed to comply with the requirements of two rules (65(d) and 52(a) of the Rules of Federal Procedure, 28 U.S.C.A. following section 723c.

Rule 65(d) provides: "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; * * *."

And Rule 52(a) reads: "In granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action."

■ These are strongly worded, mandatory provisions which should be respected. They are not meaningless words. Public Service Commission v. Wisconsin Telephone Co., 289 U.S. 67, 53 S.Ct. 514, 77 L. Ed. 1036; National Popsicle Corporation v. Icyclair, Inc., 9 Cir., 119 F.2d 799.

■ Authority may be found for the position that an order which fails to comply with Rule 65(d) or Rule 52(a) is not necessarily reversible (Moore, Federal Practice, page 3324). We think, however, the case would be an unusual one where we would be justified in ignoring these two rules and approving an order which failed to apply them. We do not say an order which does not comply with these rules is void. If, however, it is assailed on appeal, it should be set aside, because of failure to respect and comply with said rules.

In justification of the District Court's action, it might be said that both sides were seeking relief and each was charging the other with serious acts of wrongdoing and even of offenses bordering on the criminal. Neither admitted the allegations of its adversaries. The court was endeavoring to maintain the status quo until it could get more accurate and complete factual information. Nevertheless, it was granting a temporary injunction. It could have refused an injunction to both parties. If it chose to grant a temporary injunction against either party, it was required to state its reasons and make findings of fact and conclusions upon which it predicated its action. We think this could, and should, have been done.

It could have been done without passing upon the disputed fact allegations of either side, for it was apparent the order was based upon, or could have been induced by, the necessity of maintaining the status quo until a trial was had.

The court could have reasoned that proof was necessary before allegations of either party would be accepted; that there was damage likely to ensue from an order in favor of either party, but that both sides could be protected by a restraining order which maintained the status quo.

It is apparent from the foregoing that this court is not criticizing the disposition of the matter which the court made. It is merely enforcing the applicable rules governing the issuance of temporary injunctions and restraining orders, to-wit, Rules 65(d) and 52(a).

It is difficult for us to define the intended extent of the modification of the October 21st order by the order of October 24th. It changed the custodian from defendants' agent to a neutral named by the court. This is clear. It apparently left the balance of the order, in favor of the defendants, in full force. This is another reason why the court should comply with the two rules above set forth. They make for clarity of the ruling.

■ The failure to correctly describe the order from which the appeal is taken, must be viewed in the light of the fact that although there were seemingly two separate orders, it would be better to describe them as one order, which was modified in part. On this record we would hardly be justified in dismissing the appeal because an erroneous date of the order is given in the notice of appeal. The decision of this court in Rardin v. Messick, 7 Cir., 78 F.2d 643, justifies us in holding

that plaintiffs were appealing from the order of October 21st, as modified by the order of October 24th, which order was the only one entered by the court in this cause.

The order is reversed. Each party will pay half the costs of the appeal.