### WRIGHT v. GIBSON et al.

### No. 10016.

Circuit Court of Appeals, Ninth Circuit.

June 15, 1942.

---

866

Musick & Burrell and Harold H. Streight, all of Los Angeles, Cal., for appellee Homer L. Gibson.

Mosher & Shafer, of Los Angeles, Cal., for appellee Frank W. Royer.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

In an action by appellant against appellees, appellant filed a fourth amended complaint (hereafter called the complaint) which contained two counts. Appellees moved to dismiss the second count. The court heard the motions and, on July 12, 1941, filed a written opinion concluding with the statement that "The motion[1] * * * is granted." Thereupon, on July 12, 1941, the clerk of the court made a minute entry stating that the motions had theretofore been argued and submitted, and that "The court now files its opinion; and, pursuant thereto, said motions are granted." On October 10, 1941, appellant filed a notice of appeal reading as follows:

"Notice is hereby given that [appellant] hereby appeals to the Circuit Court of Appeals for the Ninth Circuit, from the order dismissing the second count of [appellant's] fourth amended complaint, and entered in this action on July 12, 1941."

Actually, no order dismissing the second count was ever entered. Indeed, so far as the record shows, no order, judgment or decree of any kind was ever entered in this case. The opinion was not an order, judgment or decree. Its filing, therefore, did not constitute the entry of an order, judgment or decree; nor did the clerk's statement that "said motions are granted" constitute such an entry. Thus, at the time the notice was filed, there was nothing from which an appeal could be taken.

A judgment dismissing an action is a final decision and hence is appealable.[2] An order which merely grants a motion to dismiss an action is not a final decision and is not appealable.[3] In this case, there was no motion to dismiss the action and, of course, no order granting such a motion, nor any judgment dismissing the action. The action is still pending in the District Court.

Herbert T. Silverberg, of Los Angeles, Cal., for appellant.

---

[1] Actually, there were two motions.

[2] Judicial Code, § 128(a), 28 U.S.C.A. § 225(a).

[3] City and County of San Francisco v. McLaughlin, 9 Cir., 9 F.2d 390.

■■ Where a complaint sets forth, in separate counts, separate claims for relief, a judgment dismissing one of the counts is a final decision and hence is appealable,[4] but an order which merely grants a motion to that effect is not a final decision and is not appealable.[5] In this case, the complaint, although it contained two counts, set forth only one claim for relief. That was a claim for damages in the sum of $45,729.26,[6] with interest and costs. In the first count, the claim was predicated upon the common law. In the second count, it was predicated upon a statute.[7] Thus the complaint set forth, in separate counts, two grounds upon which relief was claimed, but set forth only one claim for relief. In this case, therefore, a judgment dismissing one count of the complaint, leaving the other count pending, would not be a final decision and would not be appealable.[8] Much less would an order which merely granted a motion to that effect be appealable.

Appeal dismissed.

---

[4] Reeves v. Beardall, 62 S.Ct. 1085, 86 L.Ed. ——, decided May 11, 1942.

[5] City and County of San Francisco v. McLaughlin, supra.

[6] $52,000, less $6,270.74.

[7] Securities Act of 1933, §§ 11 and 15, 15 U.S.C.A. §§ 77k and 77o.

[8] Ex parte National Enameling & Stamping Co., 201 U.S. 156, 26 S.Ct. 404, 50 L.Ed. 707; Memphis Keeley Institute v. Leslie E. Keeley Co., 6 Cir., 144 F. 628; Sheppy v. Stevens, 2 Cir., 200 F. 946; United States v. Bighorn Sheep Co., 8 Cir., 276 F. 710. See, also, Louisiana Navigation Co. v. Oyster Commission, 226 U.S. 99, 33 S.Ct. 78, 57 L.Ed. 138; Collins v. Miller, 252 U.S. 364, 40 S.Ct. 347, 64 L.Ed. 616.