### TEE-HIT-TON TRIBE OF TLINGIT INDIANS OF ALASKA et al. ex rel. U. S. v. OLSON et al.

#### No. 10611.

Circuit Court of Appeals, Ninth Circuit.

July 17, 1944.

348

William L. Paul, Jr., and Frederick Paul, both of Juneau, Alaska, for appellant.

Norman M. Littell, Asst. Atty. Gen., and Norman MacDonald and John C. Harrington, Attys. Dept. of Justice, both of Washington, D. C., for appellees.

Kerr, McCord & Carey, Evan S. McCord, and Stephen V. Carey, all of Seattle, Wash., and H. L. Faulkner, of Juneau, Alaska, amici curiae.

Before STEPHENS and HEALY, Circuit Judges, and FEE, District Judge.

JAMES ALGER FEE, District Judge.

This action is brought by a member of the Tee-Hit-Ton Tribe on a complaint containing three causes of action wherein it is claimed that the tribe is the owner of certain rights of fishery, and it is further claimed that Congress and the Secretary of the Interior and other officials have infringed thereon by the Fishery Acts and Regulations. Injunction and other relief is sought. A demurrer was sustained to the complaint by the District Court of Alaska upon the ground that plaintiff had no legal capacity to sue. The court entered an order sustaining the demurrer but refused to order the dismissal of the action. Appeal was taken from the order entered. A motion has been made to dismiss the appeal.

■ In Alaska, by statute, there is a requirement that judgment shall be given upon the sustaining of a demurrer unless the party is allowed to plead over Section 3698, Compiled Laws of Alaska, 1933. Where a demurrer is sustained and there is an opportunity to take further action, since the statutory judgment has not been entered, the order sustaining the demurrer has no finality. Since no judgment entered, no appeal will lie. A "final decision" has not yet been entered. See 28 U.S.C.A. § 225(a). This exact point is settled on an Alaskan appeal, by this court, Judge Garrecht speaking, in Cole v. Rustgard, 9 Cir., 68 F.2d 316. This court, Judge Mathews speaking, recently held likewise in Wright v. Gibson, 9 Cir., 128 F.2d 865. Such is the general rule. See Cyclopedia of Federal Procedure, Second Edition 1943, Volume 10, § 4901, Note 66.

Appeal dismissed.