## WILSON et al. v. SOUTHERN RY. CO.

### No. 11187.

Circuit Court of Appeals, Fifth Circuit.

Feb. 14, 1945.

Estes Doremus, of Atlanta, **Ga.**, for appellants.

R. M. Arnold, of Columbus, Ga., and Walter A. Harris, of Macon, Ga., for appellees.

Before HUTCHESON, HOLMES and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This case is before us on the several motions of appellee to dismiss the appeal. The grounds of the respective motions are (1) that the appeal was not taken from a final judgment or other appealable order, (2) that the appeal was not taken within the time allowed by statute, and (3) that the record on appeal was not filed and docketed in this court within the time prescribed by Rule 73(g) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

These facts underlie the motions: On April 27, 1944, the court below entered a

judgment dismissing appellants' suit for damages. A motion for a new trial was overruled by an order entered June 10, 1944. On September 11, 1944, appellants filed a notice of appeal to this court "from the final judgment entered in this action on June 10, 1944." By order of the District Court, appellants were granted until December 10, 1944, to file the record on appeal. Prior to the expiration of this period, the first motion to dismiss was filed by appellee. On December 11, 1944, appellants requested a further extension of time to file the record, on which date this court withheld a ruling on appellants' request to await action of the court upon the motion to dismiss.

■ It must be conceded that the notice of appeal was not skillfully drawn, since no final judgment was entered on June 10, 1944, only an order overruling the motion for a new trial. Nevertheless, since the judgment of April 27, 1944, although final from the date of its entry, became final on June 10, 1944, for the purpose of computing the time allowed for taking an appeal, it is clear that the notice of appeal was intended to obtain a review of the judgment of April 27, 1944, which was the only appealable judgment entered in the cause. Therefore, we hold that the notice was sufficient to perfect an appeal to this court from the judgment of April 27, 1944.

■ The question whether the appeal was taken within the time prescribed by law requires a construction of the statute, 28 U.S.C.A. § 230, in the light of Rule 6(a) of the Federal Rules of Civil Procedure. The statute provides that no such appeal shall be allowed unless taken within three months after the entry of the judgment appealed from; and under settled jurisprudence, where a seasonable motion for a new trial is filed, the three-month period begins to run from the date an order is entered overruling the motion. Here the motion was overruled on June 10, 1944, so that appellants had until September 10, 1944, to file the notice of appeal. The expiration date fell on a Sunday, and the notice of appeal was filed the following day.

■ Prior to the adoption of the rules in 1938, the courts with unanimity held that, when the three-month period expired on a Sunday, the litigant must take his appeal on or before the preceding Saturday.[1] Rule 6(a) of the Federal Rules of Civil Procedure provides: "In computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday." The committee reports and discussions preliminary to the formulation of the rules indicate that the purpose was to change the method of computing the three-month period prescribed by the statute under consideration, and the language of the rule clearly effectuates that intent.[2] The rule does not attempt to change a jurisdictional statute, but merely provides a method of computing the statutory period different from that fixed by judicial decision. The rule is precisely applicable to the situation presented in this case, and we hold that the notice of appeal was filed within the time allowed.

■■ The third motion is likewise controlled by Rule 6(a). Appellants were allowed, by order of the court, until December 10, 1944, to file the record in this court. This expiration date also fell on Sunday, so that the period prescribed did not expire until December 11, 1944. On that date this court reserved ruling on appellants' motion for additional time to file the record, and directed that the matter should await the action of the court on the motions herein considered. Since we are of the opinion that the motion for a further extension was supported by facts warranting its allowance, it follows that appellants are not yet in default with reference to filing the record.

The motions to dismiss the appeal accordingly are overruled, and appellants are hereby granted an extension of forty days from the date of this opinion to file the record on appeal.

---

[1] Blaffer v. New Orleans Water Supply Co., 5 Cir., 160 F. 389; Siegelschiffer v. Penn Mutual Life Ins. Co., 2 Cir., 248 F. 226; Walters v. Baltimore & O. R. Co., 3 Cir., 76 F.2d 599.

[2] See majority and dissenting opinions in Sherwood Bros. v. District of Columbia, 72 App.D.C. 155, 113 F.2d 162; Moore's Federal Practice, vol. 1, pp. 406–408.