850

PEOPLES BANK v. FEDERAL RESERVE BANK OF SAN FRANCISCO et al.

FEDERAL RESERVE BANK OF SAN FRANCISCO v. PEOPLES BANK.

No. 11002.

Circuit Court of Appeals, Ninth Circuit.

June 29, 1945.

Sanner, Fleming & Irwin, of Los Angeles, Cal., Willkie, Owen, Otis, Farr & Gallagher, of New York City, and Kenneth M. Johnson, of San Francisco, Cal. (Carl M. Owen, of New York City, John Amos Fleming, of Los Angeles, Cal., and Kenneth M. Johnson, of San Francisco, Cal., of counsel), for Peoples Bank.

Albert C. Agnew and John A. O'Kane, both of San Francisco, Cal., for Federal Reserve Bank of S. F.

Frank J. Hennessy, U. S. Atty., and W. E. Licking, Asst. U. S. Atty., both of San Francisco, Cal., George B. Vest, Gen.Atty., Board of Governors of Federal Reserve System, of Washington, D. C., and Robertson, Leachman, Payne, Gardere & Lancaster and Neth L. Leachman, all of Dallas, Tex., for Henry F. Grady, Federal Reserve Agent.

Before GARRECHT, MATHEWS, and BONE, Circuit Judges.

GARRECHT, Circuit Judge.

The question here is whether this court has jurisdiction.

The Peoples Bank brought suit against the Federal Reserve Bank of San Francisco, Board of Governors of the Federal Reserve System, and Henry F. Grady, Federal Reserve Agent, to annul and enjoin the enforcement of a condition of membership in the Federal Reserve System required by the Board of Governors of the Federal Reserve System. In an opinion dated November 17, 1944, the lower court held that it did not have jurisdiction as the indispensable party, the Board of Governors of the Federal Reserve System, was not properly before the court, and there was no action against the other defendants. D.C., 58 F. Supp. 25. An order was filed the same day, granting motions to dismiss and denying motions for summary judgment. The judgment itself was filed January 8, 1945, dismissing the cause at plaintiff's cost. Both the Peoples Bank and the Federal Reserve Bank appealed from the Order of November 17, 1944, after judgment was entered.[1]

The appellee, Henry F. Grady, and the cross-appellant, the Federal Reserve Bank, have filed motions to dismiss the appeal of the Peoples Bank. This court is of the opinion that both appeals should be dismissed. The order of November 17, 1944, is not an appealable order within the meaning of § 128 of the Judicial Code, 28 U.S. C.A. § 225. City and County of San Francisco v. McLaughlin, 9 Cir., 9 F.2d 930; Wright v. Gibson et al., 9 Cir., 128 F.2d 865, 866.

This rule clearly applies to the instant case as the lower court in denying a motion to correct the Order of November 17, 1944, to show that it was a final disposition of the case, said:

"* * * the Order of Motions, dated and entered herein on the 17th day of November, 1944, does not contain any error therein arising from oversight or omission or otherwise, that the said Order on Motions, at the time the same was made and entered, was not regarded by the Court as

<hr>

[1] The Notice of Appeal of Peoples Bank was dated December 16, 1944, but was not filed until January 15. 1945.

a final order, judgment, or decree, that the said Order on Motions was, and is, a memorandum order only, and that the Judgment Dismissing Action on Defendant's Motions to Dismiss, Ordering Plaintiff's Motion for Summary Judgment Stricken, and denying Motions for Summary Judgment, approved as to form by plaintiff's counsel as provided by Rule 5(d) of the Rules of Practice of this Court, signed and entered herein on the 8th day of January, 1945, was, and is, the final judgment rendered by this court in the said action."

The lower court intended to enter a memorandum order on November 17, 1944. The appellant and cross-appellant intended to and did appeal from that order of November 17, 1944. The Peoples Bank appeal is taken from "that part of the Order of the above entitled court, Honorable Michael J. Roche, Judge presiding, dated the 17th day of November, 1944," which part grants the motions to dismiss. The fact that the Peoples Bank attempted to correct the Order of November 17, 1944 is evidence of their intention to appeal from that order and not the judgment. In appealing from that part of the order denying summary judgment, the Federal Reserve Bank in describing the order itself used the very same language in its notice of appeal as did the Peoples Bank.

No appeal was ever taken from the judgment entered January 8, 1945.

Dismissed.