8

Mohr & Borstein, Perry Bertram, Los Angeles, Cal., for appellants.

Alfred Wright and Harold F. Collins, Los Angeles, Cal., for appellee.

Before MATHEWS, HEALY and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

These two appeals were taken in an action brought against appellee on January 16, 1947, to enforce causes of action, hereafter called claims, for unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. §§ 201–219. The claims sought to be enforced were those of Glenn O. Prickett, H. F. Winans, S. E. Whitney, Luther M. Walters, Samuel D. Tinker, Frank Hemminger, Oliver H. Raftery, Fred M. Koehler, Charles R. Cobb and Charles E. Smith-Sanford. Prickett, Winans and Whitney brought the action "on behalf of themselves and all other employees similarly situated." Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford claimed to be "employees similarly situated." They were not specifically named as parties plaintiff in the original complaint, but were so named in an amended complaint filed on April 6, 1949.

On May 23, 1949, appellee made (1) a motion "To dismiss the amended complaint and the pending action in its entirety" and (2) an alternative motion "To dismiss the amended complaint and pending action to the extent that it purports to assert claims on behalf of [Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford]." Thus the first motion was one to dismiss the action in its entirety, and the second (alternative) motion was one to dismiss the action as to Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford.

The first appeal was taken on June 22, 1949. It purports to be an appeal by Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford "from the judgment of dismissal as to each of them, entered in this action on May 23rd, 1949." There was no such judgment. The first appeal is therefore dismissed.

■ On September 8, 1949, the District Court entered an order the pertinent parts of which were as follows:

"It is ordered and adjudged, that the motion to dismiss certain claimants named in the amended complaint is hereby granted as to the following named claimants, to wit: [Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford].

"It is further ordered and adjudged, that the motion to dismiss the amended complaint as to [Prickett, Winans and Whitney] is denied."

Thus, in effect, the order of September 8, 1949, denied the motion to dismiss the action in its entirety and granted the motion to dismiss the action as to Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford.

The second appeal was taken on September 8, 1949. It purports to be an appeal by all the plaintiffs "from that portion of the order of * * * September 8, 1949, which dismisses the claims of [Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford]." The order of September 8, 1949, did not contain any such "portion." It did not dismiss the claims of Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford, nor did it dismiss the action as to them. It merely granted a motion to dismiss the action as to them. Such an order is not a final decision, within the meaning of 28 U.S.C.A § 1291, and is not appealable.[1]

■ No final judgment having been entered, the action is still pending as to all the plaintiffs. However, the District Court may hereafter direct the entry of a final judgment—a judgment which will be a final decision, within the meaning of § 1291, and hence will be appealable—dismissing the action as to Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford, without dismissing it as to Prickett, Winans and Whitney. This can be done by following Rule 54(b) of the Federal Rules of Civil Procedure, as amended, effective March 19, 1948, 28 U.S.C.A.[2] Whether it can be done without following Rule 54(b), as amended, we need not and do not now decide.[3]

Because the order of September 8, 1949, did not contain the "portion" from which the second appeal was purportedly taken, and because that order was not a final decision, within the meaning of § 1291, and was not appealable, the second appeal is dismissed.

1. City and County of San Francisco v. McLaughlin, 9 Cir., 9 F.2d 390; Wright v. Gibson, 9 Cir., 128 F.2d 865; Tee-Hit-Ton Tribe of Tlingit Indians v. Olson, 9 Cir., 144 F.2d 347; Peoples Bank v. Federal Reserve Bank, 9 Cir., 149 F.2d 850; Cashion v. Bunn, 9 Cir., 149 F.2d 969.

2. Rule 54(b), as amended, provides: "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." As to the applicability of Rule 54(b), as amended, to actions brought before March 19, 1948, see Rule 86(b), as amended.

3. See, however, Lockwood v. Hercules Powder Co., 8 Cir., 172 F.2d 775; Kuly v. White Motor Co., 6 Cir., 174 F.2d 742.