## PRICKETT et al. v. CONSOLIDATED LIQUIDATING CORP.

No. 13049.

United States Court of Appeals
Ninth Circuit.

April 15, 1952.

Mohr & Borstein, Perry Bertram, Los Angeles, Cal., for appellants.

Alfred Wright and Harold F. Collins, Los Angeles, Cal., for appellee.

Before MATHEWS, HEALY and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

On January 16, 1947, an action was brought against appellee, Consolidated Liquidating Corporation, to enforce causes of action, hereafter called claims, for unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq. The claims sought to be enforced were those of appellants, Glenn O. Prickett, H. F. Winans, S. E. Whitney, Luther M. Walters, Samuel D. Tinker, Frank Hemminger, Oliver H. Raftery, Fred M. Koehler, Charles R. Cobb and Charles E. Smith-Sanford. Prickett, Winans and Whitney brought the action "on behalf of themselves and all other employees similarly situated." Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford claimed to be "employees similarly situated."

On April 11, 1947, appellee moved for a bill of particulars.[1] That motion was granted on May 12, 1947. The Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., was enacted on May 14, 1947. A bill of particulars was filed on June 5, 1947. An answer was filed on June 16, 1947. An amended complaint was filed on April 6, 1949. In May, 1949, appellee made two motions to dismiss. The first was, in effect, a motion to dismiss the action in its entirety. The second was, in effect, a motion to dismiss the action as to Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford. On June 22, 1949, Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford took an appeal which purported to be from a judgment entered on May 23, 1949. There was no such judgment. The appeal taken on June 22, 1949, was therefore dismissed.[2]

On September 8, 1949, an order was entered which, in effect, denied the motion to dismiss the action in its entirety and granted the motion to dismiss the action as to Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford, but did not dismiss the action as to them or any of them. Thereupon, on September 8, 1949, appellants took an appeal which purported to be from a portion of the order of September 8, 1949, which dismissed the claims of Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford. The order of September 8, 1949, did not contain any such portion. The appeal taken on September 8, 1949, was therefore dismissed.[3]

Thereafter, upon an express determination that there was no just reason for delay and upon an express direction for the entry of judgment,[4] a judgment was entered which, in effect, dismissed the action as to Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford. From the judgment so entered this appeal is prosecuted.

The ground of the motion to dismiss the action as to Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford was that, as to them, the action was barred by the statute of limitations prescribed in § 6(b) of the Portal-to-Portal Act, 29 U.S.C.A. § 255(b).[5] That section refers

1. See Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A., as it existed prior to March 19, 1948.

2. See Prickett v. Consolidated Liquidating Corp., 9 Cir., 180 F.2d 8.

3. See Prickett v. Consolidated Liquidating Corp., 9 Cir., 180 F.2d 8.

4. See Rule 54(b) of the Federal Rules of Civil Procedure.

5. Section 6 of the Portal-to-Portal Act, 29 U.S.C.A. § 255, provides: "Any action commenced on or after [May 14, 1947] to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healy Act, or the Bacon-Davis Act—

"(a) if the cause of action accrues on or after [May 14, 1947]—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued;

"(b) if the cause of action accrued prior to [May 14, 1947]—may be commenced within whichever of the following periods is the shorter: (1) two years after the cause of action accrued, or (2) the period

to actions commenced on or after May 14, 1947, to enforce claims (causes of action) which accrued prior to May 14, 1947. However, appellee contends that the statute of limitations provided therein applied to Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford. This contention is based on § 8 of the Portal-to-Portal Act, 29 U.S.C.A. § 257, which provides: "The statute of limitations prescribed in section 6(b) [29 U.S.C.A. § 255(b)] shall also be applicable (in the case of a collective or representative action commenced prior to [May 14, 1947] under the Fair Labor Standards Act, as amended) to an individual claimant who has not been specifically named as a party plaintiff to the action prior to the expiration of one hundred and twenty days after [May 14, 1947]. In the application of such statute of limitations such action shall be considered to have been commenced as to him when, and only when, his written consent to become a party plaintiff to the action is filed in the court in which the action was brought."

 This was a collective or representative action commenced prior to May 14, 1947, to enforce claims, including those of Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford, all of which accrued prior to May 14, 1947. Although not specifically named in the original complaint as parties plaintiff to the action, Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford were so named in the bill of particulars long before the expiration of 120 days after May 14, 1947. Hence the statute of limitations prescribed in § 6(b) of the Portal-to-Portal Act, 29 U.S.C.A. § 255(b), did not apply to them.

The statute of limitations prescribed in § 6(b) of the Portal-to-Portal Act, 29 U.S.C.A. § 255(b), being inapplicable, the last sentence of § 8 of the Portal-to-Portal Act, 29 U.S.C.A. § 257, was likewise in-

applicable. Hence we have no occasion to inquire when, if at all, the written consent of Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford to become parties plaintiff to the action was filed in the court below.

We conclude that the motion to dismiss the action as to Walters, Tinker, Hemminger, Raftery, Koehler, Cobb and Smith-Sanford should have been denied.

Judgment reversed and case remanded for further proceedings in conformity with this opinion.

---

prescribed by the applicable State statute of limitations; and, except as provided in paragraph (c), every such action shall be forever barred unless commenced within the shorter of such two periods;

"(c) if the cause of action accrued pri-

or to [May 14, 1947], the action shall not be barred by paragraph (b) if it is commenced within one hundred and twenty days after [May 14, 1947] unless at the time commenced it is barred by an applicable State statute of limitations."