## LEMKE v. UNITED STATES.

### No. 13342. ·

United States Court of Appeals Ninth Circuit.

March 31, 1953.

Rehearing Denied May 14, 1953.

Julien A. Hurley, Fairbanks, Alaska, for appellant.

Robert J. McNealy, U. S. Atty., Fairbanks, Alaska, for appellee.

Before MATHEWS, BONE and POPE,. Circuit Judges.

## PER CURIAM.

Appellant, Ralph G. Lemke, was indicted for violating Alaska Compiled Laws Annotated 1949, § 65–5–81, was arraigned, pleaded not guilty, was tried and, on February 27, 1952, was found guilty. A judgment sentencing appellant was entered on March 14, 1952. From that judgment—the only judgment entered in the case—no appeal was taken. However, on March 11, 1952, three days before the judgment was entered, appellant took what purported to be an appeal from a judgment entered on March 10, 1952. There was no such judgment. Therefore the appeal is ·dismissed. Cf. Prickett v. Consolidated Liquidating Corp.,. 9 Cir., 180 F.2d 8.

POPE, Circuit Judge (dissenting).

The judgment here discloses that on March 10, 1952, defendant appeared with his counsel for sentence. It is apparent that at that time sentence was pronounced,. to commence on that date.[1] However, the judgment was not signed, dated or entered until March 14. It follows from Criminal Rule 32(b), 18 U.S.C.A., that the notice: of appeal, filed March 11, was premature.

1. The judgment reads in part: "On this 10th day of March, 1952, came the Attorney for the Government and the defendant appeared in person and by counsel; It is Adjudged that the defendant has been convicted on a verdict of guilty * * *. It is Adjudged: That the defendant is guilty as charged * * * and that he be confined in the Federal Jail at Fairbanks, Alaska, for a period of six (6) months, such sentence to commence on the 10th day of March, 1952; . * * * "

But the notice was still on file on March 14, and there is no doubt or uncertainty as to what sentence, or judgment, it was intended to reach. For reasons similar to those suggested in Luckenbach SS. Co. v. United States, 272 U.S. 533, 47 S.Ct. 186, 71 L.Ed. 394, I think we should hold that the notice of appeal, though premature, was not a nullity. See the dictum in Richards v. United States, 89 U.S.App.D.C. 354, 192 F.2d 602, 604. I think the defect and irregularity here is of the sort we are required to disregard by Criminal Rule 52(a).