**UNITED STATES v. STATE OF ARIZONA et al.**

No. 13722.

United States Court of Appeals Ninth Circuit.

June 30, 1953.

Warren E. Burger, Asst. Atty. Gen., Washington, D. C., Edward W. Scruggs, U. S. Atty., Phoenix, Ariz., Paul A. Sweeney, Morton Hollander and Massillon M. Heuser, Attys., Dept. of Justice, Washington, D. C., for appellant.

Ross F. Jones, Atty. Gen. of Arizona, Irwin Cantor, Timothy D. Parkman, Assts. Atty Gen., of Arizona, for appellees.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment dismissing a third party complaint of the United States seeking to have the State of Arizona and its public agencies, the Arizona National Guard and the Arizona Game and Fish Commission, indemnify the United States in the event the plaintiff in the main action was awarded damages for personal injuries caused by the United States.

The Attorney General of Arizona brought a proceeding to dismiss this third party complaint, his motion first stating that his three parties "move the court for an order dismissing the Third Party Complaint" stating his grounds and concluding "Wherefore, the Third Party Defendants pray that the foregoing Motion be granted."

It will be noted that this proceeding solely to dismiss the *complaint* is the only one initiated and argued by the Attorney General and is distinct from another proceeding to dismiss the third party *action* of the United States initiated sua sponte by the district court, later discussed.

On this first proceeding to dismiss the complaint, the court rendered and entered the following order on this only matter argued to it.

"The Third-Party Defendants' Motion to Dismiss the Third-Party Complaint comes on regularly for hearing this day. John F. O'Mara, Esq., Assistant U. S. Attorney, is present for the Government. Philip Munch, Esq., Assistant Attorney General of the State of Arizona, appears on behalf of

the Third-Party Defendants. *Said motion* is now duly argued by respective counsel, and

"It is Ordered that the Motion of the Third-Party Defendants to dismiss the Third-Party complaint be and it is granted, * * *." (Emphasis supplied.)

From this single order the United States Attorney for Arizona, on December 1, 1952, filed his notice of appeal as follows:

"Notice of Appeal

"Notice is hereby given that the United States of America, the cross-complainant herein, hereby appeals to the Circuit Court of Appeals for the Ninth Circuit from the *Order* [singular] of the United States District Court entered on the 6th day of October, 1952, granting the Motion of the defendant State of Arizona to dismiss the Third-Party Complaint against the Third-Party Defendants." (Emphasis supplied.)

■ This is not an appealable order. The United States Attorney had the same erroneous concept that such an order is appealable as the fourteen attorneys in our case of City and County of San Francisco v. McLaughlin, 9 Cir., 9 F.2d 390, and our thirteen succeeding cases.[1]

The second proceeding was initiated sua sponte by the court. It concerned the dismissal of the third party *case* as distinguished from the third party complaint, a distinction so long and persistently recognized by this court in the above opinions. Following the comma after the concluding words of the order dismissing the complaint —"it is granted," the court made the *further* order "and It is further Ordered that this *case* be and it is dismissed without

prejudice to the third party defendants." As seen, the United States did not appeal from this order in this second ex parte proceeding.

■ The error of the United States was not one considered in Rule 61, Fed.Rules Civ.Proc., 28 U.S.C.A. and 28 U.S.C. § 2111 which does not affect the substantial rights of the parties. On the contrary, it gave Arizona the substantial right of finality to the order dismissing the cross action of the United States.

It is of course plain that if the United States Attorney had not been ignorant of the law he would have appealed from the second order. It is contended that the State of Arizona should be robbed of the advantage gained from its opponent's error by construing the two distinct orders as if they were one and, by Malini's mere legerdemain, omit all reference to the motion to dismiss the *complaint* and make the two orders read: "The motion * * * to dismiss * * * is granted, and it is Further Ordered that this case be and it is dismissed * * *." That is to say, cure the error of the United States by rewriting the court's two orders so the error, "presto chango," has disappeared.

Here was no "failure to correctly describe the order from which the appeal [was] taken," as in Shannon v. Retail Clerks Int. Ass'n, 7 Cir., 128 F.2d 553, 555, and Porter v. Borden's Delivery Co., 9 Cir., 156 F.2d 798. The notice of appeal exactly described the order dismissing the complaint. It failed to describe the separate order dismissing the case.

Nor is it such a case as Wilson v. Southern Railway Co., 5 Cir., 147 F.2d 165, 166, where the notice of appeal stated that it appealed "from the *final* judgment entered in this action on June 10, 1944." There,

1. Wright v. Gibson, 9 Cir., 128 F.2d 865; Tee-Hit-Ton Tribe of Tlingit Indians of Alaska ex rel. U. S. v. Olson, 9 Cir., 144 F.2d 347; Cashion v. Bunn, 9 Cir., 149 F.2d 969; Peoples Bank v. Federal Reserve Bank, 9 Cir., 149 F.2d 850, 851; Prickett v. Consolidated Liquidating Corp., 9 Cir., 180 F.2d 8; Turnbull v. Cyr, 9 Cir., 184 F.2d 117; Blanco v. United States, 9 Cir., 184 F.2d 117; Newman v. State of California, 9 Cir., 184 F.2d 515; Newman v. State of California, 9 Cir., 185 F.2d 392, 393; Weldon v. United States, 9 Cir., 196 F.2d 874; Monge v. Smyth, 9 Cir., 198 F.2d 749; McAfee v. Gray, 9 Cir., 201 F.2d 109; Lemke v. United States, 9 Cir., 203 F. 2d 406. See also: St. Louis Amusement Co. v. Paramount Film Distributing Corporation, 8 Cir., 156 F.2d 400.

because no *final* judgment was entered on that date the notice was construed as applying to a final judgment entered at an earlier date. Here are two decisions entered on the same date and the notice of the United States specifically appealed from the one not appealable and does not mention the one that is.

The State of Arizona should not be deprived of the substantial right as considered in Rule 61 and 28 U.S.C. § 2111, arising from the error of the United States in not appealing from the order dismissing the case. Since we have no jurisdiction to consider it, the attempted appeal from the order dismissing the third party complaint is dismissed.

POPE, Circuit Judge (dissenting).

No person merely reading the opinion here would know what transpired in the court below. The opinion speaks of a "first proceeding", and of "another proceeding", thus making it appear that the court entered two separate and distinct orders. It did no such thing.

The trial court was called upon to act on a motion to dismiss the third party complaint. In consideration of the view which the judge took of the legal questions presented, he took the only appropriate action possible.

In the respects here important, a motion to dismiss is like the old demurrer known to the practice under the common law and under the codes of the states. In the greater number of cases, the sustaining of a demurrer does no more than give the complaining party an opportunity to amend. But when the court's view of the law is that such party cannot possibly state a cause of action, then it is the duty of the court to order final dismissal of the action at once. Cf. San Joaquin & Kings River Canal & Irrigation Co. v. Stanislaus County, 155 Cal. 21, 99 P. 365, 368. Bancroft's Code Pleading, §§ 226, 516. In that sort of case, such final disposition is an inevitable concomitant of the sustaining of the demurrer, and it is called for by the demurrer itself.

That was the precise situation here. If the points made by the State of Arizona on its motion to dismiss were good (as the court held), then the United States never could state a cause of action, and the case was ripe for dismissal. If such was the court's view of the merits of the motion, it was its duty to conclude the case right there. The order, in its entirety, including dismissal of the case, was the proper ruling upon this particular motion to dismiss. Cf. Ledbetter v. Farmers Bank & Trust Co., 4 Cir., 142 F.2d 147.

To say that the court's action was such that there were two, completely distinct orders, is wholly unrealistic. The operative words of the order were as follows: "The motion * * * to dismiss the Third-Party complaint * * * is granted, and It is Further Ordered that this case be and it is dismissed * * *." Plainly that is but one order.

Again, the court cannot pretend that it is not fully advised by this notice of appeal just what appellant was undertaking to appeal from. Obviously the appeal was directed at the dismissal of the case which was contained in, and a part of, the order "entered on the 6th day of October, 1952".

What the majority have done is to disregard Rule 61: " * * * The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." They disregarded § 2111 of Title 28: " * * * the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties."

Just how far out of line this court is may be observed by comparing this decision with Crump v. Hill, 5 Cir., 104 F.2d 36, 38,[1] Boykin v. Huff, 73 App.D.C. 378, 121

---

1. In that case no notice of appeal whatever was filed in time, but the court upheld the appeal because appellee had signed a waiver of notice which was filed.

The court said: "It is true enough that the starting of an appeal within the time fixed is jurisdictional and that good practice requires conformity to the formal

F.2d 865,[2] Martin v. Clarke, 7 Cir., 105 F.2d 685, 124 A.L.R. 497, and Wilson v. Southern Ry. Co., 5 Cir., 147 F.2d 165, 166. In the last case the notice was of an appeal "from the final judgment entered in this action on June 10, 1944." What was entered on that date was an order overruling a motion for a new trial. It was held to be a good appeal from a judgment of April 27, 1944, the court saying: "[I]t is clear that the notice of appeal was intended to obtain a review of the judgment of April 27, 1944, *which was the only appealable judgment entered in the cause.*" (Italics added.) That court experienced no difficulty in perceiving that what was intended was to appeal from "the only appealable judgment entered".[3]

If the notice of appeal had merely referred to the order "entered on the 6th day of October, 1952," and stopped there, or if it had followed this with the entire order, verbatim, I take it the majority here would have found it hard to void the appeal. But because in referring to the order, the appellant has mentioned part of it only, it would seem that it has been guilty of an irregularity, and although no one has been misled or failed to understand what was intended, the appeal must be dismissed!

Not only has the opinion here disregarded Rule 61 and § 2111, supra, but it has given them a twist little short of astounding. It is this: Counsel for the United States, because he was "ignorant of the law", has made an "error", (although it is not suggested anyone was misled by this "error"). This error gave the State of Arizona "the substantial right of finality". If the State of Arizona "should be robbed of the advantage gained from its opponent's error by construing the two orders as if they were one", it would lose its "substantial rights".

I can see how if one is misled or changes his position to his disadvantage because of his opponent's error, he may have some vested interest in that error, of which he should not be "robbed". But if a court, which has not been misled, is going to give an appellee which also is not misled, a "substantial right" or a vested interest in an opponent's error, that is neither legerdemain, nor law, nor anything but an illustration of the "sporting theory of justice"[4] which Rule 61 and § 2111 were designed to end in the federal courts.

requirements of the Rule. But it would we think be a harking back to the formalistic rigorism of an earlier and outmoded time, as well as a travesty upon justice, to hold that the extremely simple procedure required by the Rule is itself a kind of Mumbo Jumbo, and that the failure to comply formalistically with it defeats substantial rights."

2. In that case a prisoner's letter to the district judge was held a sufficient notice of appeal. In a decision joined in by Judges Groner, Vinson and Rutledge, the court said: "That it did not contain all of the details specified in Rule III * * * is not material. It set forth the essential things, namely, the identity of the cause and of the appellant and the intention to appeal. Neither the prosecuting officers nor the court could have been misled or prejudiced by any of the omissions." [121 F.2d 873.]

3. It is difficult to understand why the court cannot employ here the same good sense it did in Cutting v. Bullerdick, 9 Cir., 178 F.2d 774, 776. There, what

the court held to be a sufficient notice of appeal wholly failed to state, as Rule 73(b) requires, "the court to which the appeal is taken." This court said of this lack: "It is obvious that the court appealed to is this court, since the judgment could not have been appealed from elsewhere." Another decision difficult to reconcile with the present one is Porter v. Borden's Dairy Delivery Co., 9 Cir., 156 F.2d 798, which followed Shannon v. Retail Clerk's International P. Ass'n, 7 Cir., 128 F.2d 553, 555, where it was said: "The failure to correctly describe the order from which the appeal is taken, must be viewed in the light of the fact that although there were seemingly two separate orders, it would be better to describe them as one order, which was modified in part. On this record we would hardly be justified in dismissing the appeal because an erroneous date of the order is given in the notice of appeal."

4. Roscoe Pound, "The Causes of Popular Dissatisfaction with the Administration of Justice," (1906) 29 A.B.A.Rep. 395.