**LIBBY, McNEILL & LIBBY, a Corporation, Appellant,**

v.

**ALASKA INDUSTRIAL BOARD and Linda Miriam Johnson, Appellees.**

No. 13831.

United States Court of Appeals Ninth Circuit.

Sept. 29, 1954.

Rehearing Denied Nov. 4, 1954.

R. E. Robertson, Robertson, Monagle & Eastaugh, Juneau, Alaska, Robert V. Holland, Bogle, Bogle & Gates, Seattle, Wash., for appellant.

Faulkner, Banfield & Boochever, Juneau, Alaska, for appellee Linda M. Johnson.

J. Gerald Williams, Atty. Gen., Territory of Alaska, for appellee Alaska Industrial Board and others.

Before BONE and FEE, Circuit Judges, and DRIVER, District Judge.

BONE, Circuit Judge.

By a decision of the Alaska Industrial Board, herein the Board, appellee, Johnson, was awarded compensation from appellant for temporary disability and also for permanent partial disability as the result of an accident in which she was injured while employed by appellant.

In a complaint and appeal filed in the lower court, appellant assailed the validity of the award on various grounds and sought a decree of that court suspending and setting aside the award made by the Board. In this complaint appellant named as defendants both appellee and the Board. Appellee filed an answer to the complaint and appeal but the Board failed to appear in the action. Issues were joined by these pleadings and after a trial on the merits the lower court, on January 2, 1953, duly entered its Findings of Fact, Conclusions of Law and its Decree.

By this decree the award of the Board in favor of Johnson was affirmed by the lower court.

On January 9, 1953, appellant filed a motion for a new trial.

On March 25, 1953, a so-called "minute order" was entered in the Court Journal apparently at the direction of the court, setting forth that "plaintiff's motion for a new trial is treated as one for a rehearing, and is denied."

On March 26, 1953, appellant filed a notice of appeal to this court from this "minute order" of March 25, 1953. This was the only notice of appeal given in this case.

 Appellant erroneously assumes that this "minute order" denying its motion for a new trial is appealable as a "final decision" under Section 1291 of Title 28, U.S.Code.[1] An order denying a motion for a new trial is not the kind of "final decision" contemplated by the statute. Libby, McNeill & Libby v. Malmskold, 9 Cir., 115 F.2d 786, 787; United States v. Muschany, 8 Cir., 156 F. 2d 196, 197; Agostino v. Ellamar Packing Co., Inc., 9 Cir., 191 F.2d 576, 577; Cavanaugh v. Fireman's Fund Ins. Co., 8 Cir., 197 F.2d 853, 856. The doctrine thus adopted is only an exemplification of the statutory limitation that jurisdiction does not attach unless appeal is taken from a "final decision." Most other courts follow a like rule. In many other situations this court has enforced the jurisdictional requirement that appeal is to be taken from a "final decision" with meticulous and technical exactness. See also Nelson v. Meehan, Alaska, 1907, 9 Cir., 155 F. 1; City and County of San Francisco v. McLaughlin, 9 Cir., 9 F.2d 390; Wright v. Gibson, 9 Cir., 128 F.2d 865; Tee-Hit-Ton Tribe of Tlingit Indians of Alaska ex rel. United States v.

Olson, 9 Cir., 144 F.2d 347; Peoples Bank v. Federal Reserve Board of San Francisco, 9 Cir., 149 F.2d 850; Cashion v. Bunn, 9 Cir., 149 F.2d 969; Prickett v. Consolidated Liquidating Corp., 9 Cir., 180 F.2d 8, 9; Turnbull v. Cyr, 9 Cir., 184 F.2d 117.

The final decision in the instant action from which an appeal to this court might have been taken under Section 1291, supra, was the decree of January 2, 1953. No appeal from that decree was taken, hence this court is without jurisdiction of the purported appeal now before us. It must be, and, hereby is, dismissed.

---

1. When appellant's motion for a new trial was made, Rule 59(b), Federal Rules of Civ.Proc., 28 U.S.C., the running of the time for taking an appeal from the decree of the lower court was terminated, and the full time for appeal from this decree then commenced to run and is to be computed from the date of the entry of the order denying appellant's motion for a new trial. Thus, appellant had 30 days after the entry of this order denying a new trial *to give notice of appeal from the decree entered on January 2, 1953.* No notice of appeal from this decree was given by appellant. And see Rule 73(a), Rules of Civ.Proc.