**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Appellant,**

v.

**Audra H. PALMER, Appellee.**

No. 14560.

United States Court of Appeals, Ninth Circuit.

March 24, 1955.

Rehearing Denied Sept. 23, 1955.

Scoville & Linton, Phoenix, Ariz., for appellant.

Moore & Romley, Phoenix, Ariz., for appellee.

Before STEPHENS, FEE and CHAMBERS, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Plaintiff, according to the record, sustained personal injuries on January 17, 1948, as a result of operation of an automobile by one Nollner. She recovered a judgment on January 18, 1951, after trial, for $27,500 for damages against Noll-

ner in the state court. The latter was insured by defendant to the extent of $10,000 only by a policy in force at the time plaintiff was injured. Plaintiff brought action in the United States District Court on the policy. Defendant resisted on the ground that Nollner had not appeared at the original trial. The cause was tried in February, 1952. On October 22, 1953, a minute order was entered in favor of defendant, but, on consideration of the findings of fact, judgment for plaintiff entered July 6, 1954. Defendant filed a motion for new trial and to amend the findings, which the trial court denied August 24, 1954. The defendant filed notice of appeal from this order on September 17, 1954, insofar as it denied amendment of the findings and put the judgment in effect.

The appellee has moved to dismiss the appeal because it was not taken from a final judgment.

Appellant acquiesces in this statement but urges (1) that an intention to review the judgment on the merits can be ascertained from the notice, (2) that the notice was filed within time to perfect an appeal from the judgment, (3) that a motion was filed to amend the notice of appeal long after the time for filing thereof had lapsed, and (4) that, by the points and specifications of errors placed in the record after time of filing the notice had expired, sufficient definiteness was attained.

██ The filing of the notice of appeal goes to the jurisdiction. The third and fourth points cannot avail appellant. The fact that the notice of appeal was filed within the prescribed time is a condition precedent to any relief for appellant. The intention to ask review of the

judgment might be inferred from the text of the notice. Appellant asks that it be so construed notwithstanding the notice definitely states the appeal is taken "from the order entered in the above-entitled and numbered cause on August 24, 1954, in favor of Plaintiff, Audra H. Palmer, and against the Defendant, State Farm Mutual Automobile Insurance Company * * *."

In two cases in this circuit the Supreme Court directed appeals to be heard where the notice was defective in minor particulars. In the first,[1] there was an order which apparently entered judgment but directed the filing of findings of fact and conclusions of law. Thereafter, findings of fact, conclusions of law and final judgment were entered. The trial court allowed appeal from the latter, and all parties treated it as the "final order." The Supreme Court held that, whether the first or second order was final, the appeal was timely as to either and the matter was not defective. In the second case,[2] the appeal was timely from the final order, but the appellant made the mistake of specifying the nonappealable phase in the notice. Here it was held the notice was sufficient.

It seems apparent the Supreme Court did not announce in either of these cases that an intermediate appellate court is required to grant a hearing as of right to a litigant irrespective of the timely filing of notice of appeal or a violation of other statutes or rules of court relating thereto.

██ No appeal lies from the order of August 24, which in its entirety reads:

"Defendant's motions for new trial and to amend findings are denied."

1. Hoiness v. United States, 335 U.S. 297, 69 S.Ct. 70, 93 L.Ed. 16, reversing 9 Cir., 165 F.2d 504. It should be noted that the statute, 28 U.S.C. (1946 Ed.) § 777, does not apply to this case because the action was not pending prior to the repeal of that section.

2. United States v. State of Arizona, 346 U.S. 907, 74 S.Ct. 239, 98 L.Ed. 405, reversing, 9 Cir., 206 F.2d 159. The Rules of Civil Procedure, 28 U.S.C.A., do not affect this situation. No appeal lies unless taken from a "final decision."

This Court has treated an appeal from such an order as void [3] on jurisdictional grounds.[4] There is no public policy which demands a departure from this authority in the case at bar. Appeals are not of right, but of grace. The Supreme Court of the United States regularly denies certiorari where much more important considerations for the parties are involved.

This failure is jurisdictional. Whatever may have been the situation in other cases, no power is given this Court to construe the notice here.[5] The only "final decision", 28 U.S.C.A. § 1291, which could have been appealed was the judgment of July 6, 1954. The only order specified on the notice of appeal was that order of August 24, 1954, which has been completely set out above and which is not appealable. Our former ruling is in point and is followed. Libby, McNeill & Libby v. Alaska Industrial Board, 9 Cir., 215 F.2d 781.

Motion to dismiss appeal granted.

3. Libby, McNeill & Libby v. Alaska Industrial Board, 9 Cir., 215 F.2d 781. There it was said: "Appellant erroneously assumes that this 'minute order' denying its motion for a new trial is appealable as a 'final decision' under Section 1291 of Title 28 U.S.Code. An order denying a motion for a new trial is not the kind of 'final decision' contemplated by the statute. * * * The doctrine thus adopted is only an exemplification of the statutory limitation that jurisdiction does not attach unless appeal is taken from a 'final decision.' Most other courts follow a like rule. In many other situations this court has enforced the jurisdictional requirement that appeal is to be taken from a 'final decision' with meticulous and technical exactness. * * * The final decision in the instant action from which an appeal to this court might have been taken under Section 1291, supra, was the decree of January 2, 1953. No appeal from that decree was taken, hence this court is without jurisdiction of the purported appeal now before us. It must be, and, hereby is, dismissed." at page 782.

4. The only appealable judgment in the case at bar is the judgment of the court on July 6, 1954. The Courts of Appeal are without jurisdiction to review the deci-
sion of a District Court in the absence of an appeal from the judgment. In re McIntosh, 9 Cir., 95 F.2d 627; Armstrong v. New LaPaz Gold Mining Co., 9 Cir., 107 F.2d 453, 454; United States v. Tavares Construction Co., 9 Cir., 175 F.2d 379, 380; Agostino v. Ellamar Packing Co., Inc., 9 Cir., 191 F.2d 576, 577; Bass v. Baltimore & Ohio Terminal R. Co., 7 Cir., 142 F.2d 779, 780; Ford Motor Co. v. Busam Motor Sales, Inc., 7 Cir., 185 F.2d 531, 533; Luckenbach S.S. Co. v. United States, 272 U.S. 533, 47 S.Ct. 186, 71 L.Ed. 394.

5. Since the whole text of the order appealed from is set out, it is not necessary for the Court to give any effect to the words of the notice, which apparently state what the author conceived to be the legal effect of the minute order "insofar as said order of August 24, 1954, denies Defendant's motions for new trial and denies Defendant's motions to amend findings and grants judgment to Plaintiff and against the Defendant in the sum of Ten Thousand Dollars ($10,000.00), together with interest thereon at the rate of six per cent (6%) per annum from January 18, 1951, and together with Plaintiff's costs incurred therein."