**MAYFLOWER INDUSTRIES v. THOR CORPORATION et al.**

No. 10205.

United States Court of Appeals Third Circuit.

Argued May 22, 1950.

Decided June 2, 1950.

---

Walter C. Lundgren, New York City, in support of motion for order suspending injunction, etc.

Bernard G. Segal, Philadelphia, Pa., in opposition to motion.

Before GOODRICH, McLAUGHLIN and HASTIE, Circuit Judges.

PER CURIAM.

This is a motion on the part of the appellees in the above entitled case to vacate an injunction issued pending appeal by the Judge of the District Court for the District of New Jersey. Appellees say that the learned trial judge in issuing the injunction did not follow the Rules of Civil Procedure, 28 U.S.C.A., because no reasons were assigned for the injunction given. The rule pointed to as supporting the argument for vacating the injunction is Rule 65(d). The words in that rule are certainly about as peremptory as language can be made. It says that "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; * * *." The rule does not say "some orders," "some injunctions," and so on. It says "every."

The point involved in this motion, however, is brought up by reading the language of Rule 62. That rule provides in subsection (c) that where an appeal is taken from a judgment denying an injunction (the question involved in the pending appeal) "the court in its discretion may * * * grant an injunction during the pendency of the appeal upon such terms * * * as it considers proper * * *."

The appellant tells us that Rule 62 (c) is complete within itself and should not be limited by Rule 65(d). In other words, according to its argument, the judge act-ing in his discretion under Rule 62(c) does not have to assign any reasons for an injunction which he gives. Emphasis is placed upon the phrase "in his discretion." This carries little weight with us. Every injunction is issued at the court's discretion.

The thing we cannot escape from is the mandatory language of Rule 65(d). We cannot think that when the rule-makers said "every" instead of "sometimes" or "generally," or some other looser word, they meant anything less than what they said.

The motion to dissolve the injunction pending appeal will be granted because of the failure of the District Court to follow the mandatory language of the rules.

The other portions of the appellees' motion will either have been covered by a separate order or will have been rendered by the action indicated herein.