The DEPARTMENT OF FISH & GAME of the State of Alaska et al., Petitioners,

v.

Bill PINNELL and Morris Tolifson, individually and on behalf of all others similarly situated, Respondents.

No. 1202.

Supreme Court of Alaska.

Nov. 24, 1969.

---

Charles K. Cranston, Asst. Atty. Gen., Anchorage, G. Kent Edwards, Atty. Gen., Juneau, for petitioners.

Edgar Paul Boyko, Anchorage, for respondents.

Before DIMOND, RABINOWITZ, BONEY, and CONNOR, JJ.

## OPINION

RABINOWITZ, Justice.

Respondents Pinnell and Tolifson commenced a superior court action for declaratory judgment in which they sought a declaration that certain regulations of the Alaska Board of Fish and Game were invalid. The first of these regulations provided that:

> No master or registered guide may take, assist in taking, participate in or assist in guiding for more than four (4) brown or grizzly bear during each regulatory year, not more than two (2) of which may be taken in Unit 9.[1]

In regard to licenses and tags required, the second regulation in question provided:

> (a) Before guiding for brown and or grizzly bear, each master or registered guide must procure nontransferable bear harvest control tags.

> (b) Bear harvest control tags will be issued in sets of three (3). Not more than four (4) sets of harvest control tags will be issued to a master or registered guide.

> (c) These tags must be attached by the master or registered guide, one to the skull, one to the skin and one to the carcass prior to moving the hide or skull ten feet from the carcass.

> (d) Those tags attached to the skull and to the skin shall remain attached until the skin is sealed and the skull examined and sealed by the Department of Fish and Game representative.[2]

In conjunction with their declaratory judgment action, respondents moved for,

1. 5 Alaska Adm.Code § 87.060.

2. 5 Alaska Adm.Code § 87.065.

and were granted, a preliminary injunction. Under the terms of this preliminary injunction, petitioners were

> enjoined from enforcing the regulations 5 AAC 87.060 and 5 AAC 87.065 against the taking of Brown or Grizzly Bear against the above-named [respondents] and all other members of their class who are acting pursuant to a valid and binding contract made and entered into prior to the effective dates of said regulations. * * *

The Department of Fish and Game then filed a petition for review and asked this court to stay the superior court's preliminary injunction pending determination of the merits of the department's petition for review. On October 28, 1969, we issued the stay sought by petitioners. We now grant review. Study has led us to the conclusion that the superior court's preliminary injunction reflects a departure so significant "from the accepted and usual course of judicial proceedings * * * as to call for this court's power of supervision and review." [3]

■ The superior court's non-compliance with two controlling rules of civil procedure has caused us to characterize its issuance of the preliminary injunction as a departure from accepted and usual judicial procedures. Of paramount importance here are Rules 52(a) and 65(d),

Rules of Civil Procedure. Civil Rule 52(a) establishes that:

> In all actions tried upon the facts without a jury or with an advisory jury * * * the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; *and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions. of law which constitute the grounds of its action.* (emphasis added)

Also pertinent is that portion of Civil Rule 65(d) which requires that:

> Every order granting an injunction and every restraining order shall set forth the reason for its issuance; * * *.

The superior court did not make and enter any findings of fact and conclusions of law concerning the preliminary injunction which it issued. Study of the superior court's order for preliminary injunction reveals that it does not comport with the requirement of Civil Rule 65(d). We have thus concluded that the preliminary injunction was entered in contravention both of. rule 65(d)'s requirement that the reasons for the issuance of the preliminary injunction be disclosed and rule 52(a)'s requirement that findings of fact and conclusions of law, which articulate "the grounds" for the issuance of the preliminary injunction, be filed.[4]

---

3. Supreme Ct.R. 23(a) provides in part that:

> An aggrieved party may petition this court for review of any order or decision of the superior court, not otherwise appealable under Rule 6, in any action or proceeding, civil or criminal, as follows:
>
> (a) From interlocutory orders granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions.

Supreme Ct.R. 24 further provides that:

> A review shall not be a matter of right, but will be granted only: * * *
> (3) where the superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure

by an inferior court or administrative tribunal, as to call for this court's power of supervision and review.

4. The trial court's non-adherence to these rules of civil procedure resulted in the following line of argument which was made before this court by counsel for respondents:

> As to Paragraph 2, the petitioners are in no position to make assertions as to what the court did or did not give consideration to. Although by virtue of the order granting the preliminary injunction, it appears that the court granted such injunction on the ground that the challenged regulations are invalid as being violations of the Constitutional prohibitions against impair-

Civil Rule 65(d)'s requirement that the order granting an injunction set forth reasons for its issuance applies to every type of preliminary injunction. There are no exceptions.[5] Under the parallel provisions of the federal rules of civil procedure, judicial precedent has established that Civil Rule 65(d) should be scrupulously observed, and that a material departure from the rule's requirement may warrant vacation or reversal.[6] Like conclusions have been reached regarding the necessity of compliance with Rule 52(a), Federal Rules of Civil Procedure. In Mayo v. Lakeland Highlands Canning Company, Inc.,[7] the United States Supreme Court said:

It is of the highest importance to a proper review of the action of a court in granting or refusing a preliminary injunction that there should be a fair compliance with Rule 52(a) of the Rules of Civil Procedure.

In light of the foregoing, we hold that the superior court's order granting preliminary injunction was procedurally defective. Strict compliance with the provisions of Civil Rules 52(a) and 65(d) is required, particularly in the circumstances where the trial court is enjoining the enforcement of an administrative regulation or statute. Without such compliance the court is not in a position to meaningfully exercise its review jurisdiction.

The preliminary injunction entered below is vacated.[8]

NESBETT, C. J., not participating.

---

ment of obligations of contracts; however, the other constitutional grounds of challenging the subject regulations as raised by the plaintiffs in their verified complaint were duly argued by counsel at the hearing of the motion for preliminary injunction, and it cannot now be said that the lower court rested its order upon the impairment of obligations of contracts argument alone.

5. Mayflower Industries v. Thor Corp., 182 F.2d 800 (3d Cir. 1950).

6. Lawrence v. St. Louis-San Francisco Ry. Co., 274 U.S. 588, 591, 47 S.Ct. 720, 71 L.Ed. 1219, 1222 (1927); Shannon v. Retail Clerks, International Protective Ass'n, 128 F.2d 553, 555 (7th Cir. 1942); 7 J. Moore, Federal Practice ¶ 65.11, at 1665-66 (2d ed. 1968).

7. 309 U.S. 310, 316, 60 S.Ct. 517, 520, 84 L.Ed. 774, 779 (1940) (footnote omitted).

8. Normally we would remand the matter in order to afford the trial court the opportunity to comply with Civil Rules 52(a) and 65(d). We have not ordered such a remand in the case at bar because of the fact that a hearing has been held upon respondents' motion for a permanent injunction. Further, we have been informed that a decision on the merits of the permanent injunction is anticipated in the very near future.