**CENTRAL GULF STEAMSHIP COR-PORATION, Plaintiff-Appellee,**

v.

**INTERNATIONAL PAPER COMPANY and International Navigation Limited, Defendants-Appellants.**

No. 72–3382.

United States Court of Appeals, Fifth Circuit.

May 1, 1973.

Francis G. Weller, Brunswick G. Deutsch, New Orleans, La., John S. Rogers, New York City, Robert B. Nolan, New Orleans, La., for defendants-appellants.

Robert A. Acomb, Jr., New Orleans, La., for plaintiff-appellee.

Before TUTTLE, GODBOLD and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal by International Paper Company and International Navigation, Limited, from a judgment granting a preliminary injunction prohibiting them from engaging in common carrier activities on two LASH vessels (the acronym deriving from "Lighter-aboard-ship," descriptive of the motherships which carry barges previously loaded with cargo) and their respective barges in respect to which International Navigation, Limited, had contracted with plaintiff Central Gulf Lines for the ten year use of space on said vessels.

In their brief appellants state that they "appeal primarily from the trial court's conclusions of law, and do not for the purposes of this appeal contest extensively the findings of fact on which the conclusions are based." However, upon review of the record it becomes apparent that no formal findings of fact and conclusions of law were ever entered in this case. The trial court orally stated the reasons for its decision, and in doing so briefly commented on the facts of the

case, but it prefaced its statement of reasons with the following remarks:

"Gentlemen, I am going to give you, because this matter is of some urgency and because I have had a chance to think about it, my judgment at this time and my reasons for judgment. *I will supplement these at a later time with written reasons for judgment should they be required for purposes of appeal.*" (emphasis added).

In the judgment itself, the court stated,

"After having heard the testimony of the witnesses, considering the verified complaint, the affidavits submitted in support of said Motion and in opposition thereto, and the legal authorities cited by all parties, it appearing to the Court after due deliberation that defendant is actually engaged in committing and will continue to commit the actions set forth below, all to the irreparable injury of the plaintiff, and the Court having made and orally assigned its finding of fact and conclusions of law, *to be filed in writing at a later date,* it is ORDERED . . ." (emphasis added).

Unfortunately, neither party requested the court to enter formal findings of fact and written reasons for entering the injunction.[1] Neither party on appeal complains of this hiatus in the record, but they are nonetheless unable to point to any specific findings of fact by the trial court which would enable this court to make a proper determination in the case. We find it impossible to consider the merits of this appeal without knowing the facts on which the trial court based its decision that Central Gulf Steamship was entitled to the injunction which it sought. We conclude, therefore, that the case must be remanded to the trial court for the purpose of enabling that court to make formal findings of fact and conclusions of law upon which this court might judge the merits of the appeal.

In the case of any subsequent appeal the parties may utilize, as they choose, the whole or any part of the appendix and/or briefs filed in this appeal.

The case is remanded to the trial court for further proceedings not inconsistent with this opinion.

---

1. Rule 65(d), F.R.Civ.P., provides as follows: "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance . . ."