**COMMONWEALTH of Kentucky, DEPARTMENT FOR NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION, Respondent,**

v.

**Frank MAYNARD et al., Movants.**

Supreme Court of Kentucky.

April 30, 1976.

Robert F. Stephens, Atty. Gen., Thomas H. Glover, Sp. Asst. Atty. Gen., Frankfort, for respondent.

C. Kilmer Combs, Pikeville, for movants.

STERNBERG, Justice.

In this proceeding Frank Maynard, Maxwell Maynard, Bill Maynard, and Claude Maynard, pursuant to CR 65.07, move the court for relief from a temporary injunction issued by a judge of the Franklin Circuit Court on February 12, 1976.

On December 5, 1975, the Department for Natural Resources and Environmental Protection of the Commonwealth of Kentucky filed a complaint in the Franklin Circuit Court against movants charging them with strip mining without having secured a prior permit. The demands of the complaint are for $1,000 per day damage and for a restraining order and temporary and permanent injunction. Simultaneously with the filing of the complaint, a restraining order was issued. On December 22, 1975, the answer was filed, which is a traverse and a charge that the complaint fails to state a cause of action. On January 26, 1976, a motion was made to dissolve the restraining order. An evidentiary hearing was held on February 9, 1976, and on February 12, 1976,

a temporary injunction was issued against the movants.

In the present proceeding several issues are presented. However, it is only necessary that we discuss two of them.

■ First, the movants charge that the sole issue before the circuit court on February 9, 1976, was their motion to dissolve the restraining order, and since respondents had no motion for a temporary injunction pending, the circuit judge had no alternative but to discharge the restraining order.

CR 65.03(5) provides that a restraining order shall remain in full force and effect until "(1) the time set for a hearing on a motion to dissolve the restraining order unless there is then pending a motion for a temporary injunction, or (2) the entry of an order on a motion for a temporary injunction, * * * ." The rule is clear that if there is no motion for a temporary injunction pending at the time set for the hearing on the motion to dissolve the restraining order, it is automatically dissolved with or without an order of the court. The better practice, however, dictates that an order should be entered dissolving the restraining order.

■ It is suggested by counsel for respondent that since the demands of the complaint seek a restraining order, a temporary injunction, and a permanent injunction, this would be sufficient to substantially comply with the requirement of a motion for a temporary injunction. Not so. The subject is dealt with in Clay, Kentucky Practice, 3rd Ed., CR 65.03, Note 9, page 345, as follows:

"For practical purposes, the Rule places the burden on plaintiff to establish his right to interlocutory injunctive relief upon a hearing of which notice is given. Consequently, if he desires temporary relief pending a decision on the merits of his claim, he should either proceed immediately after the filing of the suit to obtain a temporary injunction, or, having obtained a restraining order, if he waits until the defendant has made a motion to dissolve it, he should serve a motion for a

temporary injunction to be heard at the same time. Unless he does this, the restraining order is automatically dissolved when the motion to dissolve comes on for hearing. Actually there is nothing to be heard on such motion if the plaintiff has been given proper notice and he has not countered with a motion for a temporary injunction. However, it would be better practice to have the order of dissolution entered at any time a party is entitled to it.

If a party moves to modify a restraining order, apparently it would be continued by the court's order as a restraining order (whether the relief requested was granted or denied), and as such would still be governed by this Rule."

Movants complain that the trial judge did not file findings of fact and conclusions of law.

■ CR 52.01 provides that " * * * in granting or refusing temporary injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its actions. * * * " The requirement is mandatory and no reason has been shown to excuse the filing. Albeit there were no findings of fact and conclusions of law filed, none were necessary because there was no motion for a temporary injunction pending before the judge to confer jurisdiction for such action.

We are of the opinion that the trial court erred (1) in not dissolving the restraining order, since no motion for a temporary injunction had been filed by the time the motion to dissolve the restraining order was heard, and (2) in having a hearing and issuing a temporary injunction when no motion for a temporary injunction was pending.

All concur.