**LOCAL 1336, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, Larry Wells, C. W. Weibel, C. R. Skaggs, W. L. Larmee, J. H. Applegate, H. R. Rockey, R. L. Peters and C. H. Peterson, Individually, and for and on behalf of class consisting of Local 1336, etc., and of all striking employees at International Harvester Company, Movants,**

v.

**INTERNATIONAL HARVESTER COMPANY, Respondent.**

Court of Appeals of Kentucky.

March 28, 1980.

Herbert L. Segal, Walter Lapp Sales, Segal, Isenberg, Sales & Stewart, Louisville, for movants.

William D. Lambert, Ogden, Robertson & Marshall, Louisville, for respondent.

Before BREETZ, GUDGEL and HOWARD, JJ.

OPINION

BREETZ, Judge.

On January 17, 1980 the trial court entered a temporary injunction enjoining the movants from engaging in certain activities at the respondent's place of business. The injunction grew out of a labor dispute and was issued at the end of a full day hearing. The movants request relief under CR 65.07 on the ground that the trial court issued the injunction without entering findings of fact and conclusions of law as required by CR 65.04(5).

The movants quote the word "shall" used in CR 65.04(5) and cite *Commonwealth, Dept. for Natural Resources v. Maynard*, Ky., 537 S.W.2d 169 (1976) for the principle that the provisions of the rule are mandatory and that the trial court must file findings of fact and conclusions of law when it grants a temporary injunction.

It was pointed out at oral argument that the *Maynard* decision did not turn on the trial court's failure to file findings of fact and conclusions of law because, in *Maynard*, they were not necessary as no motion for temporary injunction had been filed. Nonetheless, movants insist that the temporary injunction should be set aside, either as void or voidable, because of the trial court's non-compliance with CR 65.04(5). They cite, in addition to *Maynard, Lawrence v. St. Louis-San Francisco Ry. Co.*, 274 U.S. 588, 47 S.Ct. 720, 71 L.Ed. 1219 (1927); *Shannon v. Retail Clerks, Int'l Protective Ass'n*, 128 F.2d 553 (7th Cir. 1942); and *Mayflower Industries v. Thor Corporation*, 182 F.2d 800 (3rd Cir. 1950).

The response pointed out to this court that the omitted findings of fact and conclusions of law were entered on February 8,

1980,[1] and respondent urges their late entry as substantial compliance with the rules of procedure. The movants, in turn, argue that the delay of twenty-two days between the granting of the temporary injunction and the entering of findings of fact and conclusions of law would effectively prevent an aggrieved party from appellate review of those findings since the time for requesting relief under CR 65.07 begins to run from the issuance of the injunction and not from the entry of the findings. CR 65.07(1).

The similarity between CR 65.04(5) and Fed.R.Civ.P. 65(d) and 52(a) is such that cases decided under the federal rules are extremely helpful to us, if not dispositive, in the absence of clear authority from this court or the Supreme Court of Kentucky. We have found no Kentucky cases dealing with the effect of the trial court's failure to enter findings of fact and conclusions of law when it issues a temporary injunction.

In federal court, an injunction, erroneously entered because of the lack of findings, is not void. *Lawrence v. St. Louis-San Francisco Ry. Co., supra.* See also Wright & Miller, *Federal Practice and Procedure* : Civil § 2955 where it is stated:

> A court's failure to comply with the prerequisites in Rule 65(d) as to the proper scope or form of an injunction or restraining order does not deprive it of jurisdiction or render that order void.

We hold, accordingly, that the temporary injunction is not void even though, at the time of its issuance, it was not supported by findings of fact and conclusions of law.

It was, however, voidable. The sentence immediately following the quoted sentence from Wright & Miller is: "Nonetheless, an order challenged on appeal should be set aside for failure to comply with the rule." Another highly respected authority is of the opinion that, when the trial court fails to make findings, the appellate court should remand for appropriate findings. 5A *Moore's Federal Practice,* ¶ 52.06[2]. We need not, in this case, decide whether it would be appropriate for us to dissolve the temporary injunction or more appropriate for us to remand to the trial court for its findings of fact and conclusions of law. Both *Shannon v. Retail Clerks, Int'l Protective Ass'n, supra,* and *Mayflower Industries v. Thor Corporation, supra,* indicate a preference for setting aside the temporary injunction. However, *Central Gulf Steamship Corp. v. International Paper Co.,* 477 F.2d 907, 17 F.R.Serv.2d 743 (5th Cir. 1973), indicates a preference for remand. The lower court has entered, albeit late, its findings of fact and conclusions of law.

The Supreme Court, prior to the adoption of the Federal Rules of Civil Procedure and in *Gibbs v. Buck,* 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939)[2] considered the effect to be given to findings of fact and conclusions of law entered after an appeal had been taken from the issuance of a temporary injunction. It stated:

> . . . Better practice dictates the filing of the finding of facts and conclusions of law before or contemporaneously with the order or decree. It would be useless, however, to reverse the order granting the temporary injunction and remand the cause. The temporary injunction would now be in order. 307 U.S. at 78, 59 S.Ct. at 732, 83 L.Ed. at 1119.

So too here. We see nothing to be gained by setting aside the temporary injunction of January 17 in order that a "new" tempo-

---

1. This was after movants had filed their CR 65.07 motion in this court.

2. The *Gibbs* case was decided under Equity Rule 70½. That rule was quite similar to our CR 65.04(5) and read as follows:

    In deciding suits in equity, including those required to be heard before three judges, the court of first instance shall find the facts specially and state separately its conclusions of law thereon; and, in granting or refusing interlocutory injunctions, the court of first instance shall similarly set forth its findings of fact and conclusions of law which constitute the grounds of its action.

    Such findings and conclusions shall be entered of record and, if an appeal is taken from the decree, shall be included by the clerk in the record which is certified to the appellate court under rules 75 and 76.

rary injunction might be entered based upon the findings of fact and conclusions of law of February 8. Needless to say, we also see no need to remand this action for the entry of findings of fact and conclusions of law when we know that they have been entered. Accordingly, an appropriate order is this day entered.

All concur.