68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carroll D. PALMER, Plaintiff-Appellant,
v.
VECO, INC., an Alaska corporation; Veco, Inc.; William T.
Kenyon, an individual; Little Pucker, M/V,
Official No. D594248; Seley Corporation;
S.C. 262, M/V, Official No.
D563795, Defendants-Appellees.
 No. 94-35958.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 9, 1995.
Decided Oct. 13, 1995.
 
 Before: HALL, WIGGINS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This action was instituted by Carroll Palmer on behalf of her now deceased husband Donald Palmer for injuries Mr. Palmer allegedly suffered in two separate accidents while working on the clean up of the Exxon Valdez oil spill. The district court granted three motions in limine excluding as inadmissible hearsay all of Ms. Palmer's evidence on key issues. It then denied as moot Mr. Kenyon's motion for summary judgment, but entered judgment in his favor.[1]
 
 
 3
 Two issues remain for consideration on appeal. First, we consider whether the district court erred in granting appellee's motions in limine excluding the evidence. We hold that this evidence was hearsay not within any exception and affirm the district court. Second, we consider whether the district court erred by entering judgment in favor of appellees. Finding in the record no material fact in dispute, we affirm.
 
 I.
 
 4
 Mrs. Palmer claims that her husband fell between Mr. Kenyon's boat, the Little Pucker, and another. Mr. Kenyon does not deny that Mr. Palmer fell from some boat, but claims that the boat involved was not his. Mrs. Palmer offered evidence to show the boat did belong to Mr. Kenyon and the court deemed this evidence inadmissible hearsay.
 
 A.
 
 5
 Donald Palmer's June 13, 1990, Transcribed Statement: Mr. Palmer made this statement to an insurance adjuster for his employer, Veco, Inc., as a step towards compensation. Appellant admits that she would introduce the statement for its truth. The question then becomes whether the statement comes within a hearsay exception. We hold that it does not.
 
 
 6
 The statement is not within the exception for business records, Fed. R. Evid. 803(6). This exception may apply when the declarant (here, Mr. Palmer and not Veco) makes a statement "in the course of a regularly conducted business activity." Fed. R. Evid. 803(6). In other words, the exception covers only information supplied by a person with a business duty to speak with accuracy. See United States v. Pazsint, 703 F.2d 420, 424 (9th Cir. 1983); see also Rock v. Huffco, 922 F.2d 272, 279-83 (5th Cir. 1991). Mr. Palmer was not in the business of filing insurance claims nor did he have any business duty to speak accurately. The business records exception does not apply.
 
 
 7
 Appellant also argues that the statement is nevertheless admissible under the two residual exceptions for hearsay, Fed. R. Evid. 803(24) & 804(b)(5). Neither residual exception applies unless the statement "h[as] equivalent circumstantial guarantees of trustworthiness." We find no such guarantees in the statement of Mr. Palmer. He did not speak under oath. More to the point, Mr. Palmer had a pecuniary interest in the outcome of the case about which he spoke. The district did not abuse its discretion in excluding this statement.
 
 B.
 
 8
 The Accident Reports: After the September 1989 accident Mr. Palmer filed accident reports with Veco and the Department of Labor. Appellant admits that the reports are hearsay but argues that they nevertheless are admissible as statements against interest by an unavailable witness, under Fed. R. Evid. 804(b)(3). We find it difficult to see how a report that was to lead to Mr. Palmer's financial compensation worked against his interests. Appellant asserts that the reports threatened Mr. Palmer's employment prospects at Veco. Even if true, this remote possibility of adversity would not satisfy Rule 804(b)(3), which requires that the statement be "so far contrary to the declarant's ... interest that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." See Donovan v. Crisostomo, 689 F.2d 869, 877 (9th Cir. 1982).
 
 
 9
 Appellant next argues that the reports qualify as business records within Rule 803(6). Again, that claim fails because Mr. Palmer was not in the business of filing accident reports and therefore had no business duty to speak accurately.
 
 
 10
 Finally, appellant argues that the reports qualify for the residual hearsay exceptions. She points to the signatures of four coworkers to demonstrate the trustworthiness of the report they signed. But it is not clear to us just what these signatures were meant to attest, nor do we know where the loyalties of the signatories lay. None of the signatures was a declaration under oath.
 
 
 11
 Palmer wrote in his statement that he was injured when he fell between the Good News Bay and the Little Pucker. Three of the four witnesses who cosigned Palmer's statement were deposed. Two of them, Hardy and Johnson, stated under oath that they never saw the alleged accident.
 
 
 12
 The third, Hoyt, stated that he did not recall the accident, but, unlike the other two, did not state that he never saw it. Hoyt testified at his deposition and verified his signature on Palmer's statement. Hoyt testified that he would not have signed the statement as a witness if he had not been at the accident, read the statement, and believed when signed it, some years prior to his deposition, that it was true. We do not reach the question of whether Hoyt's testimony created a genuine issue of fact, as Hoyt's past recollection recorded under Federal Rule of Evidence 803(5), because Palmer has not argued this proposition, so Kenyon and The Little Pucker have not had a fair opportunity to respond to it.
 
 
 13
 In our view the signatures do not rise to the level of a circumstantial guarantee of trustworthiness as required by Rules 803(24) and 804(b)(3). We find no abuse of discretion in the district court's exclusion of the reports.
 
 C.
 
 14
 Appellant Carroll Palmer's Deposition Testimony: In her deposition Appellant testified to several statements Mr. Palmer made in her presence. Appellant concedes that her deposition testimony of Mr. Palmer's out-of-court statements would be offered for the truth of what Mr. Palmer told her. This is hearsay within hearsay. She asks, nevertheless, that the testimony be admitted under Fed. R. Evid. 803(24), but directs us to no circumstantial guarantee of trustworthiness. Finding no guarantee of trustworthiness ourselves, we affirm the district court.
 
 II.
 
 15
 Having persuaded the district court to exclude the evidence offered by Mrs. Palmer, Mr. Kenyon filed a motion for summary judgment. The district court found "no admissible evidence to establish the occurrence of the two alleged accidents." Order of July 7, 1994, at 4. It denied Mr. Kenyon's motion "as now being moot," but nevertheless entered judgment for him -- presumably under Fed. R. Evid. 54(c). Order of July 7, 1994, at 5. We treat this procedure as an entry of summary judgment for Mr. Kenyon, and review it de novo.
 
 
 16
 We take the facts in the light most favorable to Plaintiff-Appellant. Even if as between Mrs. Palmer and Mr. Kenyon there were no dispute about the occurrence of the second accident, the record discloses no admissible evidence that Mr. Kenyon's was the boat involved. Accordingly we have no basis upon which to reverse the district court, and we therefore AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We note that the appeal as against three of the defendants-appellees (Seley Corporation, m/v Good News Bay, and m/v Little Pucker) was voluntarily dismissed by an order of this Court. Thus the only live issues surround the second accident, in which the remaining defendant-appellee, Mr. Kenyon, was involved