In re: SPECIALTY RESTAURANTS CORPORATION, Debtor,

Praxis Development Group, Appellant,

v.

Specialty Restaurants Corporation, Appellee.

No. 00–55327.

D.C. No. CV–96–08246–RAP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2001.

Decided Oct. 30, 2001.

Before BOOCHEVER, FERNANDEZ, and FISHER, Circuit Judges.

MEMORANDUM *

Specialty Restaurants Corporation, the debtor in bankruptcy, commenced this adversary action against Praxis Development Group. Specialty sought dissolution of a partnership with Praxis and a declaration quieting title to real property subject to an option. The bankruptcy court granted judgment in favor of Specialty. The district court affirmed. We also affirm.

The bankruptcy court determined that under the contract the time for exercise of the option commenced on April 18, 1994, when it became known that a freeway interchange would not be built at the location of the property, and expired April 18, 1996. That was a proper construction of the contract, and Praxis does not really dispute that, unless some other provision or principle extended the time.

None of the bases for extension, which Praxis now submits to us, were delineated in its answer or preserved in the pretrial conference order. That being so, as far as this adversary proceeding is concerned Praxis has waived those issues. *See* Fed. R.Civ.P. 16(c); *Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 901 (9th Cir.2000); *N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir.1988); *Donovan v. Crisostomo*, 689 F.2d 869, 875 (9th Cir.1982).

Nor is Praxis aided by Fed. R. Bankr.P. 7013, which indicates that counterclaims need not be pled in an adversary proceeding brought by the debtor. Nothing in that rule says that those unpled claims become part of the adversary proceeding

---

itself. At any rate, even were they deemed to have become part of the proceeding ab initio, they were not preserved in the pretrial order.

Because we will not consider the claims on appeal,[1] it follows that we hold the bankruptcy court did not err.

AFFIRMED.

---

1. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1108 (9th Cir.2001); *Crawford v. Lungren*, 96 F.3d 380, 389 n. 6 (9th Cir.1996).

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.