**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In the Matter of: EZRI NAMVAR, <br><br>           Debtor, <br><br> ——————————————— <br><br> MOUSA NAMVAR, <br><br>           Appellant, <br>   v. <br><br> R. TODD NEILSON, Trustee for the Chapter 11 Bankruptcy Estate of Ezri Namvar, <br><br>           Appellee. | No. 12-56767 <br><br> D.C. No. 2:12-cv-01827-GAF <br><br><br> MEMORANDUM[*] |
| In the Matter of: MISSION REAL ASSOCIATES, LLC, <br><br>           Debtor, <br><br> ——————————————— <br><br> MOUSA NAMVAR, an individual, <br><br>           Appellant, <br>   v. <br><br> MISSION REAL ASSOCIATES, LLC, <br><br>           Appellee. | No. 12-56768 <br><br> D.C. No. 2:12-cv-01830-GAF |

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted April 11, 2014
Pasadena, California

Before: FARRIS and HURWITZ, Circuit Judges, and FRIEDMAN, Senior District Judge.[**]

Mousa Namvar ("Mousa") submitted a claim in the bankruptcy proceedings of Mission Real Associates, LLC ("Mission Real"), seeking eighteen percent of the proceeds from a court-ordered sale of commercial property ("the Improvements"). Mission Real, as debtor in possession, sought a declaratory judgment that Mousa was not entitled to the claimed proceeds from the sale. The trustee in the bankruptcy proceedings for Ezri Namvar ("Ezri"), Mousa's brother, also objected to the claim and requested a declaratory judgment that Mousa could not diminish Ezri's ownership interest in the Improvements.

The bankruptcy court issued summary judgments in favor of Mission Real and the trustee, and the district court affirmed. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We affirm.

---

[**] The Honorable Paul L. Friedman, Senior District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

2

**1.** Mousa did not raise a genuine issue of material fact. The deed for the Improvements does not identify Mousa as an owner, and the "Amendment to Operating Agreement of Mission Real Associates LLC" and the "Assignment and Assumption of Interest in Mission Real Associates, LLC" (collectively "Mission Real Amendments") do not list Mousa as a member of Mission Real. Although the Mission Real Operating Agreement may have been ambiguous in some aspects, the bankruptcy court properly excluded parol evidence as to ownership interests in the LLC, because the Mission Real Amendments clearly identify the members of Mission Real and their relative interests. *See JCC Dev. Corp. v. Levy*, 146 Cal. Rptr. 3d 635, 642 (Ct. App. 2012). Even if Mousa was a beneficiary of an alleged resulting trust, that trust was avoided in bankruptcy. 11 U.S.C. § 544(a)(3). And, no admissible evidence in the record supports the claim that Ezri assigned Mousa some or all of his interest in the Improvements.

**2.** The bankruptcy judge's evidentiary rulings do not mandate reversal. Ezri's deposition would not be admissible at trial, because Mousa admits that Ezri would not be available to testify, and neither Mission Real nor the Erzi trustee was represented at the deposition. Fed. R. Evid. 804(b)(1)(B); *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 967 n.3 (9th Cir. 1981).

The 2008 letter from Ezri to Mousa was not an admission by the bankruptcy trustee, and any statements in the letter therefore did not bind the trustee under Federal Rule of Evidence 801(d)(2). *Calhoun v. Baylor*, 646 F.2d 1158, 1162–63 (6th Cir. 1981). Nor was any statement by Ezri in the letter "so decidedly against the declarant's interest" to require admission under Rule 804(b)(3). *Donovan v. Crisostomo*, 689 F.2d 869, 877 (9th Cir. 1982).

Mousa's argument that the 2008 letter was a verbal act, *see* Fed. R. Evid. 801(c) advisory committee note ("If the significance of an offered statement lies solely in the fact that it was made . . . the statement is not hearsay. . . ."), was not raised below, and therefore is waived. Rather, Mousa offered the letter in the bankruptcy court as evidence of a prior oral agreement, making it hearsay. Fed. R. Evid. 801(c)(2). Moreover, the letter does not purport to establish or affect an interest in property. *See* Fed. R. Evid. 803(15). The letter discusses a proposed division of proceeds from a sale of the Improvements that never occurred.

Finally if, as Mousa argues, the 2003 e-mail was submitted to show Ezri's then-existing state of mind under Rule 803(3), any error in excluding it was harmless, as Ezri's state of mind was not at issue in the bankruptcy proceedings.

**AFFIRMED.**

4