ERIC I. LONG, UNITED STATES MAGISTRATE JUDGE
This case is before the Court on the Oral Motion of Plaintiff to exclude statements made by the charging party, Megan Kerr, to EEOC investigator Gloria Mayfield. The parties dispute whether Kerr's statements constitute admissions under Federal Rule of Evidence 801(d)(2). At the request of the Court, the parties submitted trial briefs (# 88, # 92) outlining their respective positions. For the following reasons, Plaintiff's Oral Motion is GRANTED in part and DENIED in part, with particularity reserved until the precise statements are tendered at trial. In making this finding, the Court finds that statements made by Megan Kerr are not excluded from hearsay by Rule 801(d)(2)(A), but may be excluded, and are therefore admissible, under Rule 801(d)(2)(B).
I. Background
Plaintiff filed its Complaint on July 18, 2016 alleging that Defendant violated Title VII when it discharged Megan Kerr. Kerr was employed by Defendant beginning in May 2005 until July 2014. Defendant discharged Kerr on July 21, 2014. Plaintiff alleges that Defendant terminated Kerr because she is transgender, while Defendant maintains that it terminated Kerr for other reasons.
During the EEOC's investigation into the charges, Gloria Mayfield, serving as an *741 EEOC investigator, interviewed a number of witnesses, including Kerr. On January 22, 2018, the Court held a Final Pre-Trial Conference attended by counsel for both parties. During the Final Pre-Trial Conference, the parties discussed the admissibility of Mayfield's notes, along with other statements made by Kerr. Mayfield is no longer employed by the EEOC. Defendant Rent-A-Center East, Inc. ("RAC") asserts that Mayfield is evading service of a trial subpoena and that it will seek to compel her attendance at trial if her notes are not independently admissible.
As to the admissibility of Kerr's statements, Plaintiff argues that they are hearsay because the EEOC, not Kerr, is the party to this litigation. Defendant, on the other hand, argues that Kerr is the real party in interest and that, out of fairness, Plaintiff should not be permitted to sidestep the purposes of Rule 801(d)(2).
At the close of the Final Pre-trial Conference, the Court directed the parties to submit briefs outlining their respective positions on the Rule 801(d)(2) question, particularly as it relates to Kerr's out of court statements. Both briefs were timely submitted.
The Court now finds that Kerr's statements, including those embodied in Mayfield's notes, are not admissible under Rule 801(d)(2)(A), but may be admissible under Rule 801(d)(2)(B) as substantive evidence and, during Kerr's testimony, under Rule 613(b) as evidence of a prior inconsistent statement. Given that each of these determinations must be made on a statement by statement basis, however, the Court reserves ruling until the precise statements are tendered at trial.
As it relates to Mayfield's notes from her interviews of other witnesses, those notes constitute inadmissible hearsay. They involve two levels of hearsay. First, the notes themselves are Mayfield's out of court statements about what someone else said. Second, even if the EEOC withdraws its objection to Mayfield's level of hearsay, the underlying statements are hearsay (assuming they are offered to prove the truth of the matter asserted) and are not excluded by Rule 801 ; none of them could conceivably constitute an adopted admission. Like Kerr's statements to Mayfield, however, the other statements might be admissible on another basis (e.g., Rule 613), so the Court again reserves any ruling that might totally preclude the notes' admissibility at trial.
II. Analysis
The questions at issue exemplify the complicated nature of hearsay. Hearsay is simply defined as an out of court statement "offered in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c). Hearsay is generally not admissible. FED. R. EVID. 802. The complication arises when the statements might qualify as a statement that has been excluded by rule from the definition of hearsay or is buried within another level of hearsay. Here, the parties are arguing about whether Kerr's statements constitute a statement by a party opponent under Rule 801(d)(2)(A). If they do, then all her relevant statements are excluded from hearsay. If they do not, then her out of court statements go through the same analysis as any other witness's statements.
First, the statements at issue are all recorded in other documents. This creates two levels of potential hearsay. Under Rule 805, "[h]earsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule." FED. R. EVID. 805. Mayfield's notes are classic hearsay. Her notes reflect her own statements that record a summary of the information that another witness told her. RAC seeks to admit Mayfield's notes to show *742 that the witness identified in the notes made the statements that are recorded in the notes. In other words, RAC seeks to admit Mayfield's out of court statement (that is, her notes) to prove the truth of the matter asserted in the statement (that is, that the person Mayfield interviewed actually said what is recorded in the notes). Unless these notes are subject to one of the hearsay exceptions or exclusions (for example, Rule 803(6) or 801(d)(2)(D) ), they constitute inadmissible hearsay.
The EEOC has offered to waive this objection if the Court determines that the underlying witness statements are independently admissible. If the EEOC does indeed waive this objection, then the underlying statements within the notes may be admitted if they are themselves subject to an exclusion from the hearsay definition or an exception to the rule.
This brings us back to the Rule 801(d)(2)(A) question. Rule 801(d)(2)(A) provides that a statement made by an opposing party, and offered against that party, is not hearsay. The Seventh Circuit has explained the rule as follows:
The definitional exemption for individual admissions is extraordinarily broad. See FED.R.EVID. 801(d)(2) advisory committee's note (calling "for generous treatment of this avenue to admissibility"); C.B. Mueller, L.C. Kirkpatrick & C.H. Rose III, Evidence Practice Under the Rules § 8.27, at 909 (4th ed. 2012) (exemption for individual admissions "has almost infinite breadth"). Treating party admissions as nonhearsay is rooted in the nature of the adversarial system, and trustworthiness is not a requirement for admission. FED.R.EVID. 801(d)(2) advisory committee's note; United States v. McKeon , 738 F.2d 26, 32 (2d Cir. 1984). There is less concern about trustworthiness, especially in civil cases, because the party against whom the statements are offered generally can take the stand and explain, deny, or rebut the statements. See Jones v. Nat'l Am. Univ. , 608 F.3d 1039, 1045 (8th Cir. 2010) ; 2 McCormick on Evidence § 245, at 125 (6th ed. 2006). Because trustworthiness is not the touchstone for admissibility of party admissions, they are not subject to the personal-knowledge requirement of FRE 602, e.g., Aliotta v. Nat'l R.R. Passenger Corp. , 315 F.3d 756, 761, 763 (7th Cir.2002) ; cf. United States v. Lindemann , 85 F.3d 1232, 1237-38 (7th Cir.1996), or the restrictions of the opinion rule of FRE 701, Russell v. United Parcel Serv., Inc. , 666 F.2d 1188, 1190-91 (8th Cir. 1981). See also FED.R.EVID. 801(d)(2) advisory committee's note. Moreover, party admissions need not be inculpatory or against interests. United States v. Reed , 227 F.3d 763, 770 (7th Cir. 2000) ; United States v. McGee , 189 F.3d 626, 631-32 (7th Cir. 1999). There are only two requirements for admissibility under FRE 801(d)(2)(A) : a statement was made by a party, and the statement was offered against that party. See United States v. Matlock , 415 U.S. 164, 172 & n. 8, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974) ; United States v. Penaloza , 648 F.3d 539, 547 (7th Cir. 2011).
Jordan v. Binns , 712 F.3d 1123, 1128-29 (7th Cir. 2013).
RAC wants every out of court statement by Kerr to be covered by this exception to the hearsay rule. The EEOC wants just the opposite, that all her out of court statements be treated like any other non-party witness. At the Court's behest, the parties briefed whether statements made by a charging party fall under Rule 801(d)(2)(A) when the EEOC is the named Plaintiff.
This issue apparently has been addressed only twice. As both parties note (and the Court's independent research found), this question was most thoroughly *743 analyzed by the Eastern District of California in EEOC v. Placer ARC , 2016 WL 74032, 2016 U.S. Dist. LEXIS 1947 (E.D. Cal. 2016). It was also considered, but discussed in less depth, by the Eastern District of North Carolina in EEOC v. Triangle Catering , LLC , 2017 WL 818261, 2017 U.S. Dist. LEXIS 28476 (E.D.N.C. 2017).
In Placer ARC , the EEOC made the same argument that it makes in this case: that the charging party is not an "opposing party" within the meaning of Rule 801(d)(2). The Placer ARC court first noted the absence of authority on the issue before looking to the traditional justifications for the rules against hearsay. EEOC v. Placer ARC , 2016 WL 74032, at *2, 2016 U.S. Dist. LEXIS 1947, at *5. Among these justifications cited is "a kind of estoppel or waiver theory, that a party should be entitled to rely on his opponent's statements." Id. Additionally, the court noted that admissions are "the product of the adversary system, sharing on a lower level the characteristics of admissions in pleadings or stipulations." Id. at *2, 2016 U.S. Dist. LEXIS 1947, at *5-*6. In other words, statements of a party opponent are classified as nonhearsay because "they possess circumstantial guarantees of trustworthiness." Id. at *2, 2016 U.S. Dist. LEXIS 1947, at *6.
That court ultimately concluded the complainant was "not a plaintiff," but nevertheless found that Rule 801(d)(2)(A) applied to statements made by charging parties. The court explained that the charging party is not an ordinary witness, rather a "witness plus," on whose statements defendant should be entitled to rely based on the traditional justifications for the hearsay rules and its exclusions. Id.
The Triangle Catering court also found that Rule 801(d)(2) applies to statements made by charging parties when the EEOC is the named plaintiff. Like Placer Arc , the Triangle Catering court also noted the lack of authority on the issue. EEOC v. Triangle Catering, LLC , 2017 WL 818261, at *3, 2017 U.S. Dist. LEXIS 28476, at *8. The court, however, citing to Placer Arc , agreed that the traditional justifications for the hearsay rules lead to the conclusion that a defendant should be permitted to rely on the statements of a charging party under Rule 801(d)(2). Id. at *3-4, 2017 U.S. Dist. LEXIS 28476, at *8-*9.
While the Court agrees with the reasoning articulated in both Placer Arc and Triangle Catering relating to the justifications for the exclusion and the similarities between an "opposing party" and the complainant in this type of case, the Court does not agree with the conclusion. Aggrieved individuals in this context are not parties to the litigation, and they cannot therefore be an "opposing party" within the Rules of Evidence. The Eastern District of California and the Eastern District of North Carolina are absolutely right: the reasons for admitting statements by a party-opponent exist equally for admitting a charging party's statements in a case like this. But, the Federal Rules of Evidence are to be given their "plain meaning" and when the terms are "unambiguous, judicial inquiry is complete." Pavelic & LeFlore v. Marvel Entm't Grp. , 493 U.S. 120, 123, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989). The plain language of Rule 801(d)(2)(A) requires that these statements be offered against, and made by, an "opposing party."
Congress was clear in authorizing the EEOC's enforcement powers to independently bring a civil action in federal district court against private employers reasonably suspected of violating Title VII. 42 U.S.C. § 2000e-5. As the Supreme Court explained the statute:
Congress sought to implement the public interest as well as to bring about *744 more effective enforcement of private rights. The amendments did not transfer all private enforcement to the EEOC and assign to that agency exclusively the task of protecting private interests. The EEOC's civil suit was intended to supplement, not replace, the private action.
Gen. Tel. Co. v. EEOC , 446 U.S. 318, 326, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). "[T]hese private action rights suggest that the EEOC is not merely a proxy for the victims of discrimination and that the EEOC's enforcement suits should not be considered representative actions." Id.
The Seventh Circuit has come to a similar conclusion. According to the Seventh Circuit, Title VII "makes the EEOC the master of its own case and confers on the agency the authority to evaluate the strength of the public interest at stake." In re Bemis Co. , 279 F.3d 419, 422 (7th Cir. 2002) (citing EEOC v. Waffle House, Inc. , 534 U.S. 279, 297, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002). Simply put, "[t]he EEOC does not stand in the employee's shoes." Id. (citing Waffle House , 534 U.S. at 297, 122 S.Ct. 754 ) (emphasis added). "[C]harging parties are not actual parties to the lawsuit."[1] EEOC v. Board of Regents of the University of Wisconsin System , 288 F.3d 296, 305 (7th Cir. 2002). While none of these opinions were in the context of Rule 801(d)(2)(A), both the Supreme Court and the Seventh Circuit have considered and rejected the idea that the charging individual is a party to the lawsuit.
Further, cases in other contexts also hold that a complainant's statements are not binding upon the governmental agency that brings the case. In Donovan v. Crisostomo , 689 F.2d 869, 876 (9th Cir. 1982), the court, in a Fair Labor Standard Act overtime case, excluded as hearsay the testimony of two government officials who had conducted confidential interviews with seven of the complaining employees. According to the court, these officials would have testified that some of these charging employees admitted that they did not work overtime. The court held that the out of court statements by charging employees fell outside Rule 801(d)(2)(A)"because the admissions were not by parties or real parties in interest." The Court explained that, in a suit brought under the FLSA, the Secretary of Labor is the real party and that the "appearance of the Secretary destroyed the private nature of the suit." Id.
For these reasons, the Court finds that the EEOC is the real party in this case and that Kerr, as the charging party, is not actually a party to this lawsuit for the purposes of Rule 801(d)(2)(A). The Rules of Evidence are designed to hold parties to litigation responsible for their own conduct and statements, not that of others. This outcome furthers that intention.
However, the Rules of Evidence also hold parties accountable for other persons' statements that they have adopted. Rule 801(d)(2)(B) excludes from hearsay a statement offered against an opposing party that "the party manifested that it adopted or believed to be true." FED. R. EVID. 801(d)(2)(B). "[A] manifestation of a party's intent to adopt another's statements, or evidence of the party's belief in the truth of the statements, is all that is required for a finding of adoptive admission." United States v. Rollins , 862 F.2d 1282, 1296 (7th Cir. 1988). "The way to determine if a party has manifested an adoption or belief in the truth of the [statements] is whether 'the surrounding circumstances tie the possessor and the [statement] together in some meaningful *745 way.' " Laborers' Pension Fund v. Certified Midwest Constr. , 1998 WL 792470, *6, 1998 U.S. Dist. LEXIS 17819, *19 (N.D. Ill. 1998) (citing Pilgrim v. Trustees of Tufts College , 118 F.3d 864, 870 (1st Cir. 1997) ).
After reviewing the interview notes of investigator Mayfield, the complaint, and excerpts from Kerr's deposition, it becomes apparent that the EEOC has adopted many of Kerr's statements. Mayfield's notes, assuming their veracity, show that Kerr told Mayfield nearly the same story that Plaintiff ultimately adopted as its theory of the case: that Kerr was discriminated against due to her transgender status and that her termination for misuse of a company vehicle was pretext for the discriminatory discharge. Plaintiff's theory, through its complaint allegations, shows that it believed Kerr's statements made to Mayfield were true. Rollins , 862 F.2d at 1296. Put another way, the surrounding circumstances, mainly the position taken by the EEOC in this case, tie Mayfield's notes and the EEOC together in a very meaningful way. Laborers' Pension Fund , 1998 WL 792470, at *6, 1998 U.S. Dist. LEXIS 17819, at *19.
The EEOC's intention to adopt those statements is further manifested by its conduct at Kerr's deposition, during which the EEOC's lawyers purported to represent Kerr. Defendant's lawyers asked Kerr questions about her discussions with the EEOC's lawyers. One of those EEOC lawyers objected to the questions, stating "[a]nd I'm going to instruct you not to answer on the basis of attorney-client privilege, any conversations you have had with the EEOC attorneys." d/e # 88, Exh. A, p.197. The issue arose again, and the EEOC lawyer said "to the extent you're asking her regarding conversations she has had with the EEOC attorneys, I'm asserting attorney-client privilege and instructing her not to answer." Id. at 390-91. In so doing, the EEOC clearly manifested its intention to represent Plaintiff during her deposition and thereby manifested that it adopted those statements and apparently believed them to be true. See ILLINOIS RULES OF PROFESSIONAL CONDUCT Rule 3.3 (prohibiting a lawyer from offering evidence the lawyer knows to be false and authorizing a lawyer to refuse to offer testimony that the lawyer reasonably believes is false.)
Finally, the Court believes that this outcome strikes the proper balance between the rights of both parties. On the one hand, Plaintiff cannot be held to every statement ever made by a charging party. In this case, like many of the EEOC's cases, there are aspects of the complaining party's story that the EEOC rejected. This is often apparent, as it is here, when the allegations in the complaint are compared to the entirety of the complaining party's initial charges to the EEOC. When the EEOC elects to discount certain statements, it should not be held responsible for them.
However, the EEOC often adopts many of the complaining party's statements as its own. Often, including here, the EEOC must decide between the conflicting stories told by two people, who happen to be the only two witnesses to the event. When the EEOC chooses to believe the charging party over another witness, the EEOC has manifested its intention to believe that story to be true. Rule 801(d)(2)(B), in turn, now holds the EEOC responsible for its adoption of that statement, and Defendant must be able to demonstrate the flaws in those statements, along with other closely aligned statements by the charging party, without being restricted by the hearsay rules.
Accordingly, the Court finds that Kerr's statements during her deposition and some of Kerr's statements contained in the Mayfield *746 notes may be admissible under Rule 801(d)(2)(B). Whether the statements were adopted by the EEOC, however, must be shown by the proponent of the statements. Therefore, RAC must tender the statements it wants admitted and show, outside the presence of the jury under Rule 104, that the EEOC has adopted them pursuant to Rule 801(d)(2)(B).
This ruling applies only to the notes of investigator Mayfield and statements made by Kerr during her deposition. If other out of Court statements made by Kerr are introduced at trial, either party may still object, and the Court will rule on those objections on a question by question basis. Similarly, the Court is not ruling on whether the rest of Mayfield's notes are admissible under Rule 801(d)(2). Any statements in Mayfield's notes made by witnesses other than Kerr may or may not be admissible depending on the context for which they are being offered. If these statements are presented at trial, the Court will rule on their admissibility at the appropriate time.
As a final note, during the Final Pre-trial Conference discussion on the issue, RAC mostly argued that it seeks to admit Kerr's statements to demonstrate how her story has evolved over the years. If this is RAC's intended use for the statements, as indicated in footnote 1 of its brief (d/e # 88, p.2), then the hearsay analysis is mostly inapplicable as the statements are not being offered to prove the truth of the matter asserted. See FED. R. EVID. 801(c). The declarant's out of court statements, to the extent they are relevant, not related solely to collateral matters, and are indeed inconsistent, would be admissible for the limited purpose of impeaching a testifying declarant, regardless whether the declarant's (including Kerr's) statements constitute hearsay.[2] See Fed. R. Evid. 613(b). Again, however, the Court cannot make this determination until the witness is testifying and the statements are tendered for purposes of impeaching a particular witness.
III. Conclusion
For the reasons discussed above, Plaintiff's Oral Motion to exclude statements made by Megan Kerr is GRANTED in part and DENIED in part, with particularity reserved until the precise statements are tendered at trial.

The Seventh Circuit considered whether a charging individual was a "party" for the purpose of taxing travel and deposition costs against a losing party.

By making this statement, the Court is not finding that Mayfield's notes constitute statements by other witnesses. They may be, but they might not be. See United States v. Adames , 56 F.3d 737, 744-45 (7th Cir. 1995).